334 So.2d 128 (1976)
George Michael KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-696.
District Court of Appeal of Florida, Second District.
June 23, 1976.
Jack O. Johnson, Public Defender, and Dan P. Brawley, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant raises several points on this timely appeal. After due consideration of the record we find only one merits discussion.
At the conclusion of the state's case appellant moved for judgments of acquittal as to Counts V and VI of the information which charged him with malicious destruction of a jail cell and malicious destruction of a police car respectively. The court granted the motion as to Count VI involving the police car. After the close of appellant's case, the court announced that it was reinstating Count VI and that the motion had been one of dismissal rather than acquittal. We do not agree and hold this decision by the trial judge constitutes reversible error. Appellant was clearly prejudiced by having the charge reinstated after he had rested his case. The grant of the motion for acquittal acts as a bar to subsequent prosecution. Cf., Potter v. State, 1926, 91 Fla. 938, 109 So. 91.
We note that appellant was sentenced to a concurrent one year sentence for Counts III-VI of the information. (These four counts were the two aforementioned charges of malicious destruction of public property and two counts of assault and battery.) This was an invalid general sentence as to those four counts. See Long v. State, Fla.App.2nd, 1975, 310 So.2d 35. Accordingly, we vacate this portion of the sentence.
The trial court is directed to vacate the judgment and sentence on Count VI; discharge appellant as to that count; and enter proper sentences on Counts III, IV and V. The judgment and sentence rendered on Counts I and II are affirmed. The judgment as to Counts III, IV and V is affirmed.
REVERSED in part; AFFIRMED in part; and REMANDED for proper sentencing.
BOARDMAN, Acting C.J., and GRIMES and SCHEB, JJ., concur.