410 So.2d 207 (1982)
Willie WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. VV-248.
District Court of Appeal of Florida, First District.
February 23, 1982.
Michael J. Minerva, Public Defender, and Thomas Presnell, Jr., Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos and Miguel Olivella, Jr., Asst. Attys. Gen. for appellee.
*208 PER CURIAM.
Watson appeals his conviction on two counts of possession of a weapon by a state prisoner and one count of aggravated battery. After due consideration of the record and briefs of the parties, we agree that only the point concerning appellant's conviction of aggravated battery merits discussion. On that issue, defendant urges that since the trial court granted defendant's motion for judgment of acquittal at the close of the state's case in chief, it was error for the trial court thereafter to vacate the judgment of acquittal and require the defendant to proceed with his case, which resulted in a jury verdict of guilty. We agree.
After the state rested its case against appellant, he moved for acquittal on the aggravated battery count on the grounds that the state did not prove a battery because it was not established that the touching was "against the will" of the victim. The court granted the motion. The following morning, the state asked the court to reconsider its acquittal of defendant on the aggravated battery count pointing out to the court that the crime of "battery" is committed if a person intentionally causes bodily harm to another (Section 784.03(1)(b), Florida Statutes) and that the crime of aggravated battery is committed if in committing a battery a person intentionally or knowingly causes great bodily harm, or uses a deadly weapon (Section 784.045(1)(a)), and that the element of touching or striking "against the will" of the victim is of no consequence unless the state is attempting to prove battery under Section 784.03(1)(a). Defense counsel conceded the applicability of the statutory definition. However, he stressed that he had not intentionally misstated the law or mislead the court. At the same time, he urged that appellant had been discharged when the court granted the motion for judgment of acquittal and therefore reinstatement of the aggravated battery count would place him in double jeopardy. The court disagreed on the grounds that additional testimony would not be required as appellant would merely be required to proceed with his case.
Appellant relies on Kelly v. State, 334 So.2d 128 (Fla. 2nd DCA 1976), for reversal. In Kelly, the court held that the grant of a motion for acquittal on the charge of malicious destruction of a police car after the state's case was concluded acted as a bar to subsequent prosecution and that reinstatement of the charge after the close of defendant's case was reversible error. In so holding, the court noted that the defendant was clearly prejudiced by having the charge reinstated after he had rested his case.
In response, the state argues Kelly is distinguishable since this case presents no question of prejudice. In Kelly, the state argued that the defendant had no opportunity to present evidence on the charge of malicious destruction of a police car since he was operating under the assumption that the charge no longer existed, whereas in this case the court reinstated the charge prior to appellant's presentation of any evidence.
A brief examination of a judgment of acquittal as it relates to the double jeopardy clause is necessary for resolution of this issue. A judgment of acquittal rendered by a trial judge represents a resolution in defendant's favor, correct or incorrect, of some or all of the factual elements of the offense charged. United States v. Scott, 437 U.S. 82, 97, 98 S.Ct. 2187, 2197, 57 L.Ed.2d 65 (1978). Once a defendant obtains an acquittal after jeopardy attaches, even if based on an erroneous interpretation of governing legal principles, as occurred in this case, the double jeopardy clause bars retrial.[1] We believe that in this sense, retrial must be construed to mean further proceedings which would be devoted to the resolution of factual issues concerning *209 the elements of the offense charged. Scott and cases cited therein.
Applying this analysis to the facts herein, we find that the trial judge in granting the acquittal made a determination, although incorrectly, that the factual element of a touching against the will of the victim was not proven and therefore the evidence was legally insufficient to sustain a conviction for aggravated battery. Reinstatement of the charge, even though it did not necessitate a full retrial, did require further proceedings (defendant's presentation of his case) which were devoted to the resolution of the factual issue of whether or not defendant intentionally caused bodily harm to the victim.[2]
We caution that our decision is not to be construed as prohibiting the trial judge from correcting an erroneous ruling on a motion for judgment of acquittal. In this connection we have examined and find applicable the discussion in Farber v. State, 409 So.2d 71 (Fla. 3rd DCA 1982), concerning the trial judge's prerogative to correct, change, increase or decrease a criminal sentence after an initial oral pronouncement. As the Farber opinion points out, the pronouncement of sentence is not final at the moment the trial judge utters words constituting a sentence. "The pronouncement is final, at the earliest, when the sentencing hearing comes to an end." Id. at 73.
It would appear appropriate to apply the same rule to a motion hearing, that is to say, at least until the hearing has come to an end, the trial judge may reverse himself on a ruling on a motion for judgment of acquittal. We are not, however, "drawing the line" at any particular point, there obviously being a variety of circumstances and conditions under which the oral pronouncement of a ruling of acquittal may or may not be final. Our holding here is simply that the ruling of the trial judge made the day before, without any indication that the matter was still under consideration, had progressed toward finality beyond the point that would permit its retraction or correction.
Accordingly, appellant's conviction of aggravated battery is vacated and he is discharged as to that count. The judgment and sentence rendered on the two counts of possession of a weapon by a state prisoner is affirmed.
MILLS, BOOTH and LARRY G. SMITH, JJ., concur.
NOTES
[1] In the federal courts the government is allowed to appeal from a judgment of acquittal where resolution of the appeal in the government's favor would not require a retrial of the defendant on remand. Scott, 437 U.S. at 91, footnote 7, 98 S.Ct. at 2194, footnote 7. In the Florida courts an acquittal, once entered, is not subject to appellate review. Section 924.07, Florida Statutes; State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976).
[2] The victim of the alleged aggravated battery, called both as a court's witness and by the appellant, denied that appellant was his assailant, and appellant also took the stand and denied his involvement. The jury obviously chose to believe contrary testimony from witnesses presented by the state.