446 So.2d 719 (1984)
Leonard TRINCA, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1330.
District Court of Appeal of Florida, Fourth District.
March 14, 1984.
*720 Michael D. Gelety, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was charged with trafficking in cannabis, trafficking in methaqualone, two counts of battery on a law enforcement officer, and possession of diazepam. He was found guilty of trafficking in methaqualone and one count of battery on a law enforcement officer. He raises six points on appeal, one of which concerns prosecutorial misconduct and mandates reversal.
Susan, the daughter of appellant's wife, was a drug user with many arrests. She was obviously involved in the events leading up to appellant's arrest. During the investigation, a statement was taken by the police officers from Susan. The State never subpoenaed Susan to appear at trial and the State knew she was not to be called as a defense witness. However, during cross-examination of appellant, the State asked the following questions:
Q. Were you aware that Susan gave a statement to the police at the time of this incident?
A. Am I aware of it?
A. Uh-Uh.
A. Yes.
Q. And are you aware... .
A defense objection was made to prevent the State from elaborating on the statement. The prosecutor apparently recognized the impropriety of the question in the following colloquy:
The Court: Do you have a response to the objection?
Prosecutor: No response.
The Court: Is there going to be a hearsay problem or not?
Prosecutor: No.
The Court: Why not?
Prosecutor: I will withdraw the question.
Unfortunately, the subject of Susan and her statement was not so easily withdrawn. Both the prosecutor and defense counsel bantered Susan's name about during their arguments to the jury and in his final argument, the prosecutor argued to the jury: "Then I would have loved to put the step-daughter on if I could... he has the same subpoena power that I do. How did he get the other witnesses in here?" (Emphasis supplied). Not only did the prosecutor imply that the witness Susan was unavailable to him, he then went on to imply that the appellant had the burden of producing witnesses to show his innocence. After the above comment, appellant immediately moved for a mistrial which was denied and then moved for a curative instruction which was also denied.
Clearly, Susan and her statement should not have been interjected into this case, and it is obvious that appellant was prejudiced by it. During deliberations, the jury sent the trial court two questions, one being, "What was Susan's statement to the police?", and the second being, "Why wasn't Susan subpoenaed?" This is not a situation where we must speculate on whether *721 the error was harmless. We reverse based on Michaels v. State, 429 So.2d 338 (Fla. 2d DCA 1983). In that case, the State commented in closing argument on the failure of the defendant to call defendant's daughter as a witness. It had been demonstrated during the trial that the defendant's daughter was present when the alleged crime occurred and was available to testify. The Second District Court held that it was clearly improper for the State to comment on the defense's failure to call witnesses, citing Kirk v. State, 227 So.2d 40 (Fla. 4th DCA 1969). We remand for a new trial.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.