539 So.2d 21 (1989)
Benfils GEORGE, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 88-1703.
District Court of Appeal of Florida, Fifth District.
March 2, 1989.
James B. Gibson, Public Defender, and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
During closing argument in the jury trial in this case, the prosecutor (1) expressed his personal confidence in the veracity of a State's witness; (2) told the jury, in effect, that the testimony of the defendant should not be believed because the defendant was from Haiti where if you told the authorities the truth, you were dead; (3) commented on the failure of the defendant to produce a witness and (4) made a remark susceptible of being understood to mean that the defendant was involved in some prior drug deal.
The trial judge's efforts to use cautionary instructions to ameliorate these prosecutorial improprieties, while commendable, cannot be held to have eliminated their harmful effect under the circumstances of *22 this case.[1] Therefore the defendant's conviction is reversed and this case is remanded for a new fair trial.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] See Robinson v. State, 520 So.2d 1 (Fla. 1988); DiGuilio v. State, 491 So.2d 1129 (Fla. 1986); Michaels v. State, 429 So.2d 338 (Fla. 2d DCA 1983), approved in part, 454 So.2d 560 (Fla. 1984); Araujo v. State, 452 So.2d 54 (Fla. 3d DCA 1984); Porter v. State, 347 So.2d 449 (Fla. 3d DCA 1977); Trinca v. State, 446 So.2d 719 (Fla. 4th DCA 1984); Jones v. State, 449 So.2d 313 (Fla. 5th DCA 1984), rev. denied, 456 So.2d 1182 (Fla. 1984).