PATTERSON, Judge.
The appellant challenges his judgment and sentence for grand theft. He argues that the trial court erred in failing to consider the factors in section 39.059(7)(c), Florida Statutes (1991), before determining whether to impose adult sanctions upon him. We agree.
On August 12, 1992, the state filed an information charging the appellant with burglary of a dwelling and grand theft on May 24,1992. The appellant was seventeen years *615 old on the date of the offense. He was tried by a jury, which acquitted him of burglary and found him guilty of grand theft.
On June 7, 1993, the trial court sentenced the appellant within the guidelines to five years in prison, with credit for time served. At the hearing, the trial court did not discuss its decision to sentence the appellant as an adult, as is required by section 39.059(7). See Croskey v. State, 601 So.2d 1326 (Fla. 2d DCA 1992). The statute applies even though the appellant reached adulthood before the trial. See Toussaint v. State, 592 So.2d 770 (Fla. 5th DCA 1992). Therefore, we reverse and remand for resentencing.
Reversed and remanded.
RYDER, A.C.J., and PARKER, J., concur.