651 So.2d 1230 (1995)
Dion Jermaine CASEY, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03214.
District Court of Appeal of Florida, Second District.
March 3, 1995.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann P. Corcoran, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
We review the appellant's convictions for one count of obstructing or opposing a law enforcement officer and one count of battery on a law enforcement officer. He also appeals his sentencing as an adult to a Youthful Offender Program. We agree with only part of his claims.
The appellant attacks his convictions on the basis that the trial court denied him an instruction on self-defense. The appellant was entitled to such instruction if there were evidence presented at trial showing the police used excessive force in trying to arrest him. See Jackson v. State, 463 So.2d 372 (Fla. 5th DCA 1985), review denied, 482 So.2d 345 (Fla. 1986), and Williams v. State, 597 So.2d 377 (Fla. 2d DCA 1992). The transcript of trial shows only that the arresting officer used enough force to subdue the appellant who tried to free himself from the officer's grasp, resisted getting into the car as requested, and flailed about once in the car so that the officer was afraid the appellant would cause himself injury. We see no error in this issue and affirm the trial court's denial of the jury instruction on self-defense.
The appellant also claims it was error for the trial court to sentence him as an adult without reducing its oral findings to writing as required by section 39.059(7), Florida Statutes (1993), Troutman v. State, 630 So.2d 528 (Fla. 1993), and Thompson v. State, 638 So.2d 614 (Fla. 2d DCA 1994) (statutory written findings required even though defendant a juvenile at time of offense but adult at time of sentencing). The state concedes that this was error.
We affirm the convictions but reverse for resentencing in accord with section 39.059(7) and Troutman.
DANAHY, A.C.J., and SCHOONOVER and FULMER, JJ., concur.