696 So.2d 1309 (1997)
Jesus TERRAZAS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04182.
District Court of Appeal of Florida, Second District.
July 18, 1997.
Brian J. Donerly, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Jesus Terrazas seeks a new trial after his manslaughter conviction. Terrazas contends the trial court erred in limiting his cross-examination of a prosecution witness and denying a motion for mistrial. We conclude the trial court committed no error limiting cross-examination. However, we hold the State's opening statement implying guilt based on Terrazas' Mexican heritage constituted improper argument requiring a new trial. Because the trial court erred in denying Terrazas' motion for mistrial, we reverse the conviction and remand for a new trial.
Terrazas was present when Eduardo Alfredo Rodriguez shot and killed Jenaro Castelan in an execution-style killing. Castelan joined Rodriguez and Terrazas in a car driven by Terrazas, believing Rodriguez wished to discuss a drug deal with him. Rodriguez directed that Terrazas drive to a rural road in eastern Hillsborough County. Once there, Rodriguez ordered Terrazas to stop the car, ordered Castelan out of the car, and then shot Castelan several times. At trial, Terrazas claimed that until the killing, he was unaware Rodriguez intended harm to Castelan; that Rodriguez threatened him with the gun at the time of the murder; and that as the only unarmed member of the trio, he was unable to prevent the murder.
The State based its prosecution on two statements attributed to Terrazas: that he was aware Castelan had perpetrated or been responsible for a home invasion robbery of his family a short time before the murder; and, that he knew Castelan would be killed. Terrazas specifically denied having made either statement. Indeed, the making of the second statement was vehemently contested *1310 at trial. The lead detective testified as to the statement, although the statement, seemingly significant, was not noted in either the detective's original interview notes or the typed version of those notes.
Based on these controverted statements, the State charged Terrazas with first-degree murder. The State proceeded on the theory that Terrazas used his friendship with Castelan to lure him into the car with Rodriguez, knowing that Rodriguez intended to murder Castelan to avenge the robbery of Terrazas' family.
In furtherance of this theory, the State included the following in its opening statement: "This is the United States, vigilante style justice will not be tolerated. And while you will hear that a lot of people involved in this case have a Mexico (sic) ethnic background, any style of justice common to those people, Mexican people and in Mexico is not how the law works." The defense immediately objected and asked to approach the bench. The trial judge denied the request to approach and the record does not reveal any ruling on the objection.[1] After this objection, at the first opportunity a motion could be made outside the hearing of the jury, counsel for Terrazas moved for mistrial. The trial court denied the motion, which we have determined was error.
The statement objected to constituted improper opening statement. Opening statements are for the purpose of allowing attorneys to make the jury aware of the evidence believed to be forthcoming. It does not appear the State intended to introduce evidence that people of "Mexico ethnic" background have, in common, a justice system that relies on "vigilante style justice." If, in fact, that was the State's intent, we can think of no theory which would permit such evidence. This reason, standing alone, would not be a basis for reversal.
We reverse because attempts to attribute criminal conduct to a defendant based on racial or ethnic background have been uniformly condemned by the courts of this state. See Perez v. State, 689 So.2d 306 (Fla. 3d DCA 1997); Reynolds v. State, 580 So.2d 254 (Fla. 1st DCA 1991); George v. State, 539 So.2d 21 (Fla. 5th DCA 1989); Salazar-Rodriguez v. State, 436 So.2d 269 (Fla. 3d DCA 1983). These tactics have been found to be fundamental error and reversal has occurred when there has been a failure to object and move for mistrial. See Perez; Reynolds. We need not consider whether fundamental error occurred here. Terrazas registered a timely objection and motion for mistrial, properly preserving the issue in the case before us.
The State argues that if the statement was error, the error was harmless because the evidence of guilt was overwhelming. The jury's verdict that Terrazas was guilty of manslaughter, when he was prosecuted for first-degree premeditated murder, would seem a sufficient basis for a finding that the evidence was not overwhelming. The burden is on the State to prove beyond a reasonable doubt that the error did not contribute to the verdict. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). The State has not met its burden. Thus, we cannot say that the improper comment during opening statement, which was properly preserved for review, constituted harmless error.
Based on the improper comments contained in the State's opening statement, we determine the trial court erred in denying the motion for mistrial. Accordingly, we reverse the conviction and remand for a new trial.
Reversed and remanded.
PARKER, C.J., and QUINCE, J., concur.
NOTES
[1] In more and more records we are seeing the refusal of trial judges to allow attorneys to approach the bench to make their objections. We recognize that objections, and especially those made out of hearing of the jury, tend to slow the presentation of a case. However, attorneys have an ethical duty to make objections they feel are proper, and must do so or they may waive the rights of their client. Some objections or motions must be made at the bench to prevent the prejudice which might result if made within the hearing of the jury.