775 So.2d 353 (2000)
Eric Antonio GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2909.
District Court of Appeal of Florida, Second District.
October 20, 2000.
CASANUEVA, Judge.
Eric Antonio Gibson has appealed the summary denial of his motion to correct an illegal sentence pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. He claims that his sentence was rendered pursuant to the 1995 amendment to the sentencing guidelines, declared unconstitutional in Heggs v. State, 759 So.2d 620 (Fla.2000). Because Mr. Gibson allegedly committed his offenses on January 17, 1997, within the window period to challenge the statute on the ground of unconstitutionality, he contends that he has standing to raise this claim. See Trapp v. State, 760 So.2d 924 (Fla.2000).
Mr. Gibson's motion alleges that he pleaded nolo contendere on May 28, 1998, agreeing to be sentenced to "a guideline habitual sentence." The sentence imposed, *354 eight years, is at the top of the recommended guideline range of 57.8 to 96.3 months. The scoresheet carries a hand-written notation that this is a state prison sentence of "8 yrs HFO." The thrust of Mr. Gibson's claim under rule 3.800(a) is that his sentence is illegal because of the unconstitutional enactment of the 1995 sentencing guidelines amendment. Furthermore, under the 1994 version of the guidelines, the maximum guidelines sentence that the trial court could have imposed would have been, according to Mr. Gibson's calculations, seventy months.
The trial court rejected Mr. Gibson's claim on the ground that his classification and sentencing as a habitual offender rendered the sentencing guidelines inapplicable. See 775.084(4)(g), Fla. Stat. (1995) ("A sentence imposed under this section is not subject to s. 921.001."). A habitual offender sentence of eight years' imprisonment for the second degree felony of felon in possession of a firearm clearly is not an illegal sentence, because section 785.084(4)(a)(2), Florida Statutes (1995), permitted a sentence of up to thirty years' Florida State Prison for a second degree felony. Thus, no matter how Mr. Gibson's "guidelines" sentence would have been calculated under the 1994 guidelines, the sentence as imposed was nevertheless legal and not subject to correction under rule 3.800(a).
The trial court properly denied Mr. Gibson's rule 3.800(a) motion as facially insufficient. As this court stated in Fuston v. State, 764 So.2d 779 (Fla. 2d DCA 2000) (quoting State v. Mancino, 714 So.2d 429, 433 (Fla.1998)), an illegal sentence not only "exceeds the statutory maximum" but also "`patently fails to comport with statutory or constitutional limitations.'" See also Abaunza v. State, 25 Fla. L. Weekly D1962 (Fla. 4th DCA Aug.16, 2000) (holding that Mr. Abaunza's habitual offender sentence, imposed pursuant to the unconstitutionally-enacted 1995 guidelines, was not illegal because he could have received the same sentence even if his scoresheet had been prepared under the 1994 guidelines).
We do note, however, that we cannot discern from Mr. Gibson's motion or from the court's order whether his sentence was the product of a negotiated plea. Under appropriate circumstances Mr. Gibson might be entitled to raise a claim pursuant to Florida Rule of Criminal Procedure 3.850. Hence, our affirmance is without prejudice to his ability to do so.
Affirmed.
ALTENBERND, A.C.J., and NORTHCUTT, J., Concur.