803 So.2d 839 (2001)
Michael CALDWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4971.
District Court of Appeal of Florida, Second District.
December 28, 2001.
*840 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
A jury convicted Michael Caldwell of five offenses, three of which are pertinent to this appeal: resisting a police officer with violence, battery on a law enforcement officer, and possession of an alcoholic beverage in an open container in violation of a Sarasota city ordinance. Caldwell claims he should receive a new trial on the charges of resisting an officer and battery on an officer because the trial court refused to give his requested jury instruction on the justifiable use of force. See Fla. Std. Jury Instr. (Crim.) 3.04(e). As we will explain, we reject this contention and affirm those convictions. Caldwell also challenges his conviction for the open container violation on the basis of double jeopardy. We agree on this point and reverse.
When a defendant is charged with resisting an arrest or battery on a law enforcement officer, a court may instruct the jury on the accused's justifiable use of force only if the evidence establishes that the police used excessive force. See id.; State v. Holley, 480 So.2d 94 (Fla.1985); Casey v. State, 651 So.2d 1230 (Fla. 2d DCA 1995). The evidence here simply did not show the officers used excessive force in restraining Caldwell. Caldwell admitted he endeavored to get away from the two police officers as soon as they tried to handcuff him. When the cuffs malfunctioned, he attempted to flee. One of the officers reached out to catch him, missed, and fell on him. Caldwell began clawing the ground and flailing his arms to prevent the officers from handcuffing him. Both officers tried to subdue him, but Caldwell conceded he continued to struggle and wrestle with them. Eventually one of the officers used pepper spray, which ended Caldwell's escape efforts.
In Langston v. State, 789 So.2d 1024 (Fla. 1st DCA 2001), which also involved an officer's use of pepper spray, the First District held that the trial court should have instructed the jury on the defendant's justifiable use of force. But a key distinction between the facts in Langston and the facts here persuades us that the trial court correctly refused Caldwell's request. In Langston, one witness testified that the defendant merely stepped out of the police car, moved to the front of the car, and attempted to give the officer his mother's *841 phone number. At that point, the witness claimed, the officer drenched Langston with pepper spray. Thus, the evidence supported the instruction because it showed the police used excessive force on a defendant who was not resisting. Here, all the evidence, even that from Caldwell himself, showed that he was continuing to fight the officers' attempts to subdue him when they used the pepper spray. In this scenario, the trial court properly refused to instruct the jury concerning justifiable use of force.
On the open container charge, Caldwell moved for a judgment of acquittal after the State rested, and the trial judge granted his motion. Caldwell then presented his case and the defense rested. After the lunch break, the prosecutor asked the judge to "revisit[] the issue of the JOA." The court changed its ruling and sent the open container charge to the jurors, who convicted Caldwell. He claims the trial court's reversal of the previously-entered judgment of acquittal violated his double jeopardy rights. We agree.
Double jeopardy principles apply once a defendant obtains an acquittal after jeopardy has attached. See Watson v. State, 410 So.2d 207, 208 (Fla. 1st DCA 1982). Under factual circumstances almost identical to this case, we held that a defendant was clearly prejudiced when the court reversed a judgment of acquittal and reinstated charges after the defense had presented its case. Kelly v. State, 334 So.2d 128 (Fla. 2d DCA 1976). The court's grant of a judgment of acquittal barred subsequent prosecution. Id. at 128.
We recognize that several decisions have permitted trial courts to retract judgments of acquittal when the facts established the courts were still considering the motions, even though they had announced acquittals. See Simmons v. State, 790 So.2d 1177, 1182 (Fla. 3d DCA 2001) (noting that although the court had granted the judgment, the State continued to argue case law in opposition and the judge announced that the defense could attempt to rebut the State's position the following day, after the judge had completed researching the issue); Francis v. State, 736 So.2d 97, 99 (Fla. 4th DCA 1999) (stating that it was clear the circuit court was permitting the State additional time to gather case law and that a final decision on the judgment of acquittal would not occur until the next day). But in this case, the judge's decision was final; he did not indicate that the parties could make additional argument or present more case authority. Under these facts, Kelly controls. We reverse Caldwell's conviction for violating the Sarasota open container ordinance. We remand with directions that the circuit court correct the judgment and sentence accordingly.
Affirmed in part, reversed in part.
BLUE, C.J., and RAMSBERGER, PETER M., Associate Judge, Concur.