805 So.2d 1040 (2002)
Albert BOONE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4634.
District Court of Appeal of Florida, Fourth District.
January 9, 2002.
Rehearing Denied February 19, 2002.
Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
We reverse appellant's conviction for one count of improper exhibition of a dangerous weapon.
The trial judge granted appellant's motion for judgment of acquittal at the close of the state's case on the crime charged in Count II of the information, aggravated assault with a deadly weapon. Appellant took the stand in his defense and rested. During the charge conference, at the state's suggestion, the trial court revisited Count II and decided that the lesser included offense of improper exhibition of a dangerous weapon should be submitted to the jury.
The state relies on Francis v. State, 736 So.2d 97 (Fla. 4th DCA 1999), and Simmons v. State, 790 So.2d 1177 (Fla. 3d DCA 2001), to argue that the trial court did not err in reinstating the lesser included offense for Count II.
These cases are distinguishable. Both involved situations where discussions and oral argument on a motion for judgment of acquittal were still ongoing when the trial court initially granted the motion. See Francis, 736 So.2d at 99; Simmons, 790 So.2d at 1182. As this court observed in Francis,
[D]iscussions between the court and counsel for both sides regarding the motion were still ongoing up to and after the point the court granted the motion. At the conclusion of the day's proceedings, it was clear the court was giving the prosecutor overnight to gather additional case law, and would continue the hearing the next day.
736 So.2d at 99.
The record in this case does not indicate ongoing legal argument on the defense motion, nor the possibility of revisiting the *1041 issue in the future. The trial court announced on the record, "[o]n the Motion for a Judgment of Acquittal, the Motion is granted. I don't think there's sufficient evidence to make a jury question as to Count Two, so, I do enter a Judgment of Acquittal on Count Two."
From that point, the trial moved to the defendant's case-in-chief and the trial court gave no further consideration to Count II. "[W]ithout any indication [in the record] that the matter was still under consideration, [the case] had progressed toward finality beyond the point that would permit its retraction or correction." Watson v. State, 410 So.2d 207, 209 (Fla. 1st DCA 1982). Therefore, submitting the lesser included offense of improper exhibition of a dangerous weapon to the jury was error. See id.; Kelly v. State, 334 So.2d 128, 128 (Fla. 2d DCA 1976) (holding that after trial court had granted motion for judgment of acquittal, it was error to reinstate the charge and submit it to the jury after the defendant had rested his case). The conviction for improper exhibition of a dangerous weapon is reversed.
We affirm appellant's conviction for aggravated assault with a deadly weapon. The trial court clearly announced its finding that Boone was competent to stand trial. However, it entered no written order finding competency. See Emerson v. State, 294 So.2d 721, 721 (Fla. 4th DCA 1974); Fla. R.Crim. P. 3.212(b) & (c)(7). We remand the case to the trial court for the entry of a written order. See Corbitt v. State, 744 So.2d 1130, 1130 (Fla. 2d DCA 1999); White v. State, 548 So.2d 765, 768 (Fla. 1st DCA 1989).
STONE, GROSS and HAZOURI, JJ., concur.