859 So.2d 1251 (2003)
L.F., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-3147.
District Court of Appeal of Florida, Third District.
November 19, 2003.
*1252 Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot, Assistant Attorney General, (Tallahassee) for appellee.
Before SCHWARTZ, C.J., and GREEN, and WELLS, JJ.
PER CURIAM.
L.F., a juvenile, appeals from an adjudication of delinquency, claiming that the trial court violated his double jeopardy rights. We agree and reverse.
L.F. was charged, by petition for delinquency, with resisting an officer without violence. At trial, the lower court precluded the State from admitting pertinent testimony on hearsay grounds. As a consequence, the State could not prove an essential element of the charge, and the trial court granted L.F.'s motion for judgment of acquittal, signing a written final judgment of acquittal which was docketed in the record.
After judgment was entered, the trial court and the parties continued to discuss the propriety of the ruling on the State's evidence with the court ultimately concluding that its ruling had been erroneous. Over L.F.'s objection, the trial court orally "vacated" the judgment of acquittal, permitted the State to reopen its case to introduce additional evidence, and entered an "amended" order adjudicating L.F. delinquent.
We find that after the trial court entered a written final judgment of acquittal (a judgment that was docketed), double jeopardy precluded the trial court from thereafter nullifying that judgment and adjudicating L.F. delinquent. See State v. Gaines, 770 So.2d 1221, 1226 (Fla.2000)(finding that the trial court's written order dismissing the charges against the defendant during trial constituted an acquittal which on double jeopardy grounds barred further prosecution). The State's reliance on cases involving reconsideration or "reversal" of oral rulings on motions for judgments of acquittal is misplaced. Those cases stand for the proposition that oral "rulings" on motions for judgments of acquittal may be changed in those limited circumstances where consideration of the motion has not sufficiently progressed toward finality. See Simmons v. State, 790 So.2d 1177, 1181-82 (Fla. 3d DCA 2001)(rejecting a double jeopardy claim against reversal of judgment of acquittal where the trial court initially orally granted the motion, but then, as part of the same hearing, indicated that it would revisit the ruling the next morning); Francis v. State, 736 So.2d 97, 99 (Fla. 4th DCA 1999)(concluding that where the trial court initially granted a motion for judgment of acquittal by oral ruling, and then upon further discussion with the parties immediately announced that it would continue to consider the issue the next morning, double jeopardy was not violated when the trial court reversed its ruling); see also Boone v. State, 805 So.2d 1040, 1040-41 (Fla. 4th DCA 2002)(refusing to permit the trial court to reinstate a lesser included offense of the crime charged because, when the trial court orally granted the motion for judgment of acquittal, the record did not "indicate ongoing legal argument on the defense motion, nor the possibility of revisiting the issue in the future"); Watson v. State, 410 So.2d 207, 209 (Fla. 1st DCA 1982) (finding that "the ruling of the trial judge made the day before, without any indication that the matter was still under consideration, had progressed toward finality beyond the point that would permit its retraction or correction").
*1253 Accordingly, we reverse the adjudication of delinquency.