930 So.2d 849 (2006)
Vernal CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3455.
District Court of Appeal of Florida, Second District.
June 14, 2006.
*850 James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
Vernal Curry appeals from his convictions for three counts of sexual battery on a child less than twelve and one count of sexual battery on a child between twelve and eighteen by a person in familial authority. Because the trial court erred in improperly limiting the time allowed for defense counsel's closing argument, we reverse.
Curry first argues that the trial court violated the prohibition against double jeopardy when the court allowed the State to amend counts one and two to conform to the evidence after the court had orally granted a motion for judgment of acquittal on those counts. We recognize that generally when a trial court grants a motion for judgment of acquittal, the court cannot reinstate the charges without violating double jeopardy principles. See Caldwell v. State, 803 So.2d 839, 841 (Fla. 2d DCA 2001); Kelly v. State, 334 So.2d 128, 128 (Fla. 2d DCA 1976); Boone v. State, 805 So.2d 1040, 1040-41 (Fla. 4th DCA 2002); Watson v. State, 410 So.2d 207, 208-09 (Fla. 1st DCA 1982). However, we agree with the State's assertion that there was no double jeopardy violation here because the trial court reversed itself with respect to the motion for judgment of acquittal within a short time after its initial oral ruling and before the bench conference had concluded. See Simmons v. State, 790 So.2d 1177, 1181-82 (Fla. 3d DCA 2001); Francis v. State, 736 So.2d 97, 99 (Fla. 4th DCA 1999).
Curry next argues that the trial court abused its discretion when it limited his closing argument to twenty minutes. The State asserts that Curry was not unfairly prejudiced by the time limitation.
*851 We agree with Curry that the twenty-minute limitation was error, given the serious nature of the charges and the number of witnesses involved in the case.[1]See Stockton v. State, 544 So.2d 1006, 1008-09 (Fla.1989); Munez v. State, 643 So.2d 82, 82-83 (Fla. 3d DCA 1994). As for the issue of prejudice, we find it relevant that the discussion regarding the time allowed for closing argument took place in front of the jury, and the trial court did not permit defense counsel to approach the bench when he asked to make argument. See Terrazas v. State, 696 So.2d 1309, 1310 n. 1 (Fla. 2d DCA 1997) (commenting on the trial court's refusal to allow an attorney to approach the bench for argument). The trial court's refusal to allow defense counsel an opportunity to present his argument at the bench hinders this court's review on the issue of prejudice. Thus, we are compelled to reverse for a new trial.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Four witnesses testified for the State and five witnesses testified for Curry. Upon conviction, the trial court sentenced Curry to three concurrent terms of life in prison and a fourth concurrent term of thirty years in prison.