THOMAS, J.
In this direct criminal appeal, Appellant challenges his convictions and sentences for possession of cocaine (Count I), battery on a law enforcement officer (Count II), and resisting an officer with violence (Count III). We affirm Appellant’s convictions and reject his argument that the trial court reversibly erred when it declined to instruct the jury on the justifiable use of non-deadly force. Because Appellant’s sentences were illegal, however, we reverse for resentencing.
During Appellant’s arrest, he was loud and threatening to the arresting officers, shouting racial slurs, refusing to cooperate, and attempting to flee. While being escorted out of the residence, Appellant continued to shout slurs and attempted to return to the residence to “get in the officers’ faces.” At one point, Appellant’s head made contact with the transporting officer, and the two men fell to the ground. During the struggle, Appellant continued to make threats and racial slurs, and eventually grabbed the officer by his testicles. *1188 As the officer tried to get up, Appellant trapped the officer’s legs underneath his body. Fearing another assault, the officer smashed Appellant’s head into the ground. As the officer tried to get Appellant to submit, Appellant continued to gnaw, bite and spit at the officer. There was no evidence that the officer used any type of weapon during the encounter.
Following the jury trial, Appellant was sentenced to ten years in prison for Count I as an habitual felony offender; ten years concurrent for Count II; and five years, consecutive to the first two counts, for Count III. Appellant argues that his convictions should be reversed because the trial court refused to instruct the jury regarding the justifiable use of non-deadly force. We agree with the trial court that the instruction was not proper and affirm Appellant’s convictions.
Failure to give a requested jury instruction constitutes reversible error where the complaining party establishes that: (1) the requested jury instruction accurately states the applicable law; (2) the facts in the case support giving the instruction; and (3) the instruction was necessary to allow the jury to properly resolve all issues in the case. Langston v. State, 789 So.2d 1024, 1026 (Fla. 1st DCA 2001).
Appellant’s request for the self-defense jury instruction fails on prong 2 of the Langston test outlined above, as Appellant has not presented any facts to support giving the instruction. “[A] court may instruct the jury on the accused’s justifiable use of force only if the evidence establishes that the police used excessive force.” Caldwell v. State, 803 So.2d 839, 840 (Fla. 2d DCA 2001). Unlike Langston, where there was a bare allegation by a single witness, here there was no evidence that unlawful or excessive force was used. In fact, the evidence shows that the initial fall was either an accident or was instigated by Appellant; therefore, the instruction was not required. See Casey v. State, 651 So.2d 1230 (Fla. 2d DCA 1995) (affirming trial court’s denial of self-defense instruction, noting that trial transcript showed the arresting officer used only enough force to subdue defendant). Here, the testimony is clear that the officer used only enough force to require Appellant to discontinue his physical attacks and submit to authority. Accordingly, we affirm Appellant’s convictions.
As to Appellant’s sentences, we must reverse. The State concedes Appellant’s sentence was in error on two grounds. First, section 775.084(l)(a)(3), Florida Statutes (2004), specifically prohibits imposition of an habitual felony offender sentence for the charge of possession of a controlled substance. See Peterson v. State, 743 So.2d 1134 (Fla. 1st DCA 1999). Second, because the offenses of battery on a law enforcement officer and resisting arrest with violence arose from the same criminal episode, Appellant’s consecutive sentence for Count III is in error. See Hale v. State, 630 So.2d 521 (Fla.1993).
It should be noted that the trial court has already addressed these issues once. Upon Appellant’s motion to correct sentencing error, the trial court resentenced Appellant to concurrent sentences of five years for Count I, five years for Count II, and ten years for Count III; however, because the order was issued more than 60 days after Appellant’s Rule 3.800(b)(2) motion was filed, in violation of Rule 3.800(b)(1)(B), Florida Rules of Criminal Procedure, the motion is deemed denied as a matter of law and is considered a nullity. See Long v. State, 886 So.2d 280, 281 (Fla. 1st DCA 2004).
Accordingly, we vacate Appellant’s sentence and remand for resentencing.
*1189 AFFIRMED in part, REVERSED in part, and REMANDED.
HAWKES and ROBERTS, JJ., concur.