TAYLOR, J.
 

 The trial court did not abuse its discretion in admitting evidence of appellant’s prior convictions in his trial for felony battery. Under section 90.806(1), Florida Statutes, the state was allowed to intro
 
 *790
 
 duce appellant’s prior convictions to impeach his exculpatory out-of-court statements, which were elicited by defense counsel through another witness to suggest that appellant acted in self-defense. As we cautioned in
 
 Gonzalez v. State,
 
 “a non-testifying defendant who brings out his or her own exculpatory statements through another witness, ‘runs the risk of having those statements impeached by felony convictions.’ ” 948 So.2d 877 (Fla. 4th DCA 2007) (quoting
 
 Kelly v. State,
 
 857 So.2d 949, 950 (Fla. 4th DCA 2003)).
 

 We affirm appellant’s conviction. However, because the trial court did not enter a written order upon its oral finding that the previously committed appellant was competent to proceed to trial, we remand this case solely for the trial court to enter a written order finding appellant competent to proceed, pursuant to Rules 3.212(b) and (c)(7) of the Florida Rules of Criminal Procedure.
 
 See Boone v. State,
 
 805 So.2d 1040, 1041 (Fla. 4th DCA 2002);
 
 Corbitt v. State,
 
 744 So.2d 1130 (Fla. 2d DCA 1999)
 

 Affirmed, but Remanded.
 

 STEVENSON and MAY, JJ., concur.