PER CURIAM.
 

 Kenneth Paul Brown (“Appellant”) appeals the denial of his motion filed under Florida Rule of Criminal Procedure 3.800(b)(2) to correct asserted sentencing errors. He raises no challenge to his conviction for sale or delivery of cocaine.
 

 On July 16, 2010, Appellant filed a 3.800(b)(2) motion asserting that the trial court erred in imposing a Habitual Felony Offender (“HFO”) sentence because it failed to order a presentence investigation report and because the state failed to prove up the requisite prior felonies.
 
 See
 
 §§ 775.084(1)(a)2.b., (3), Fla. Stat. (2009). Rule 3.800 requires a trial court to dispose of such a motion within 60 days from the date the motion is filed.
 
 See
 
 Fla. R.Crim. P. 3.800(b)(2)(B). Failure to rule on the motion within 60 days operates as a denial, and any order the trial court enters thereafter is a nullity.
 
 See, e.g., Dupree v. State,
 
 20 So.3d 989 (Fla. 1st DCA 2009);
 
 Calidonio v. State,
 
 951 So.2d 87 (Fla. 1st DCA 2007);
 
 Mills v. State,
 
 949 So.2d 1186 (Fla. 1st DCA 2007). Although the trial court in this case resentenced Appellant, granting the relief sought, it did not do so until November 18, 2010, well outside the 60-day time period prescribed by Rule 3.800(b). Because the court effectively denied the motion in error, as the state properly concedes, we reverse Appellant’s HFO sentence and remand for resentencing.
 

 REVERSED and REMANDED.
 

 BENTON, C.J., CLARK, and MARSTILLER, JJ., concur.