PER CURIAM.
We affirm appellant’s conviction for aggravated child abuse. However, we vacate the sentence and remand with instructions to order a presentence investigation report (PSI) before re-sentencing appellant.[1] Be *575 cause appellant was a first-time felony offender, Florida Rule of Criminal Procedure 3.170(a) required the trial court to first order a PSI before sentencing appellant to more than probation.[2] Also, because appellant was eligible for Youthful Offender sentencing, section 958.07, Florida Statutes (2011), required the trial court to order a PSI before sentencing appellant. See Bready v. State, 430 So.2d 997, 997 (Fla. 4th DCA 1983) (vacating sentence and remanding with instructions to order a presentence investigation pursuant to the mandatory provisions of the 1979 Florida Youthful Offender Act).

Affirmed, in part; Reversed in part; and Remanded.

MAY, C.J., TAYLOR and GERBER, JJ., concur.

. The trial court’s failure to consider a mandatory presentence investigation report before *575 sentencing a defendant is a sentencing error that can be preserved via the filing of a rule 3.800(b) motion. Brown v. State, 61 So.3d 1238, 1238 (Fla. 1st DCA 2011).

. Florida Rule of Criminal Procedure 3.710(a) provides:
No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty of a felony while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.