PALMER, J.
Robert Peek (defendant) timely appeals two of his sentences. Determining that the trial court misinterpreted the habitual felony offender (HFO) statute[1] to require a sentence greater than the statutory maximum, we vacate the defendant’s two second-degree felony sentences and remand for resentencing.
The defendant entered a negotiated plea on two counts of dealing in stolen property and two counts of providing false verification of ownership. He agreed to be sentenced as a HFO, with a cap on his sentences of fifteen years and one day of imprisonment. The two dealing in stolen property convictions were second-degree felonies, which would normally carry a maximum sentence of fifteen years’ imprisonment, but the HFO statute sets a maximum sentence at thirty years’ imprison *1102 ment. At sentencing, the trial court stated that it would have sentenced the defendant to terms of ten years’ imprisonment for the second-degree felonies, but it understood that the law required that a sentence imposed pursuant to the HFO statute must be greater than the applicable statutory maximum. Consequently, the court sentenced the defendant to two terms of fifteen years and one day of imprisonment for the second-degree felonies.
The defendant contends that the trial court erred in misinterpreting the HFO statute as requiring the imposition of a term of imprisonment which is greater than the statutory maximum. We agree.
Section 775.084(4)(a) does not mandate the imposition of a sentence that exceeds the statutory maximum:
775.084; Violent career criminals; habitual felony offenders and habitual violent felony offenders; three time violent felony offender definitions; procedure; enhanced penalties, mandatory minimum prison terms
[[Image here]]
(4)(a) The court, in conformity with the procedure established in paragraph (3)(a) may sentence the habitual felony offender as follows:
1. In the case of a life felony or a felony of the first degree for life;
2. In the case of a felony of the second degree, for a term of years not exceeding 30;
3. In the case of a felony of the third degree, for a term of years not exceeding 10.
(Emphasis added). Thus, the statute allows for discretion on the part of the trial court in imposing a HFO sentence. See State v. Hudson, 698 So.2d 831, 832 (Fla.1997) (extending the permissive nature of the HFO sentencing to the decision to impose a mandatory minimum sentence); Gibson v. State, 775 So.2d 353, 354 (Fla. 2d DCA 2000)(stating that a sentence of less than the statutory maximum will not be found to be illegal simply because it is less than the statutory maximum). C.f. Lett v. State, 805 So.2d 950, 951 (Fla. 2d DCA 2001) (stating that the sentences provided for in the habitual offender statute have been interpreted by the supreme court to mean “any term of years” up to the maximum specified for the particular offense level, provided the term of years is not more lenient than that required by the habitual offender statute or recommended by the sentencing guidelines).
While the language in the habitual violent felony offender statute, section 775.084(4)(b), mandates the imposition of a minimum sentence, and the three-time felony offender statute, section 775.084(4)(c), mandates the actual sentence to be imposed, the language of the HFO statute does not require a mandatory minimum sentence.
In this case, an incarceration term of ten years would be a legal sentence under the HFO statute. Accordingly, we vacate the defendant’s second-degree felony sentences, and remand for resentencing.
SENTENCES VACATED; CAUSE REMANDED FOR RESENTENCING.
ORFINGER and LAWSON, JJ. concur.

. See § 775.084(4)(a)(2), Fla. Stat. (2012).