NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIEL HEATLY,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )            Case No. 2D16-95
                                        )
STATE OF FLORIDA,                       )
                                        )
            Respondent.                 )
                                        )
_____ )

Opinion filed May 20, 2016.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Hillsborough County;
Wayne S. Timmerman, Judge.

Daniel Heatly, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin, Assistant
Attorney General, Tampa, for Respondent.


PER CURIAM.

            Daniel Heatly has filed a timely petition under Florida Rule of Appellate

Procedure 9.141(d) alleging that appellate counsel was ineffective.  We find merit only

in ground one of his petition; we deny ground two.

            A jury convicted Mr. Heatly as charged of first-degree arson and burglary

of an unoccupied dwelling.  The trial court sentenced him as a habitual felony offender

to life imprisonment with a thirty-year mandatory minimum term as a prison releasee reoffender on the arson count, to be served concurrently with thirty years' imprisonment with a fifteen-year mandatory minimum term as a prison releasee reoffender on the burglary count.

In ground one of his petition, Mr. Heatly argues that appellate counsel was ineffective for failing to argue on appeal that the trial court committed fundamental error in sentencing him when it considered the impermissible factor that he continued to maintain his innocence. See Ritter v. State, 885 So. 2d 413, 414 (Fla. 1st DCA 2004) (holding that appellate counsel was ineffective for failing to argue on appeal that the trial court impermissibly considered the fact that the defendant maintained his innocence before imposing sentence). The State responds that the trial court did not rely on Mr. Heatly's protestations of innocence. We disagree. At the beginning of the sentencing hearing, the court said it paid particular attention to Mr. Heatly's statement in the presentence investigation (PSI) report. Later in the hearing, the court said, "And then he says, and I'm reading from the PSI, I keep referring back to this, he still won't own up to it." See Gage v. State, 147 So. 3d 1020, 1022 (Fla. 2d DCA 2014) (stating that reliance upon improper sentencing factors such as assertions of innocence is a denial of due process that constitutes fundamental error); accord Smith v. State, 62 So. 3d 698, 699 (Fla. 2d DCA 2011). If appellate counsel had raised this issue on appeal, we would have been constrained to reverse. Accordingly, because a new appeal would be redundant, we reverse Mr. Heatly's sentences and remand for resentencing before a different judge. See Smith, 62 So. 3d at 700; Ritter, 885 So. 2d at 415.

Petition granted in part and denied in part.

WALLACE, CRENSHAW, and BLACK, JJ., Concur.