IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AVINDRA BUDHAN,

        Appellant,

 v.                                   Case No.  5D15-1293

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed November 10, 2016

Appeal from the Circuit Court
for Osceola County,
A. James Craner, Judge.

William R. Ponall, of Ponall Law, Maitland,
Luis F. Calderon, of the Baez Law Firm,
Orlando, and Matthew P. Ferry, of Lindsey
& Ferry, P.A., Winter Park, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Rebecca Roark Wall,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

Appellant challenges his convictions and sentences for two counts of attempted

voluntary manslaughter, one count of aggravated battery with a firearm or causing great

bodily harm, and two counts of aggravated assault with a firearm.

Based on the State's proper concession of error, we reverse the convictions and sentences for attempted voluntary manslaughter and remand for a new trial on those counts. Although we affirm the convictions on the aggravated battery and aggravated assault counts, based again on the State's proper concession of error, we reverse the sentences and remand for resentencing on those counts.

In all other respects, we affirm.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

TORPY and BERGER, JJ., concur.

COHEN, J, concurs in part and dissents in part.

COHEN, J., concurring in part and dissenting in part.

I concur in the majority's decision to reverse Budhan's convictions for attempted manslaughter. The trial court's failure to read the "introduction to attempted homicide" instruction and its omission of the definitions of "attempted homicide" or "excusable attempted homicide" compel reversal. I also agree that a sentencing error occurred on both the aggravated battery and aggravated assault charges.

However, I would reverse the aggravated battery and aggravated assault convictions as well, based upon a series of improper comments made by the State during its closing argument. Most egregiously, the prosecutor argued to the jury, "This is not South America. We cannot abide people discharging guns in the street." Budhan is from Guyana, a South American country, and he was charged with firing a gun during a fight with his wife's relatives from Trinidad.[1]

The State argues Budhan failed to preserve this argument with a proper objection. While Budhan objected to the prosecutor's argument, the legal basis for the objection was not the same basis pursued on appeal. As a result, we can only review the State's comments for fundamental error. Servis v. State, 855 So. 2d 1190, 1193 (Fla. 5th DCA 2003). The issue is complicated by the fact that Budhan first interjected the tensions between Guyanans and Trinidadians into the trial, and I can fully understand the majority's reluctance to reverse.

---

[1] The victim was from Trinidad, and Budhan testified that citizens from the two countries have a long-standing cultural distrust of one another.

Nonetheless, I would find that the State's comments, in their totality, constitute fundamental error. Cf. Crew v. State, 146 So. 3d 101, 111 (Fla. 5th DCA 2014). Prosecutorial comments attempting to appeal to a juror's bias or to attribute criminal conduct to a defendant on the basis of race, ethnicity, or national origin, have no place in our criminal justice system. See Terrazas v. State, 696 So. 2d 1309, 1310 (Fla. 2d DCA 1997). I respectfully dissent.