COHEN, J.,
concurring in part and dissenting in part.
I concur in the majority’s decision to reverse Budhan’s convictions for attempted manslaughter. The trial court’s failure to read the “introduction to attempted homicide” instruction and its omission of the definitions of “attempted homicide” or “excusable attempted homicide” compel reversal. I also agree that a sentencing *556 error occurred on both the aggravated battery and aggravated assault charges.
However, I would reverse the aggravated battery and aggravated assault convictions as well, based upon a series of improper comments made by the State during its closing argument. Most egregiously, the prosecutor argued to the jury, “This is not South America. We cannot abide people discharging guns in the street.” Budhan is, from Guyana, a South American country, and he was charged with firing a gun during a fight with his wife’s relatives from Trinidad.[1]
The State argues Budhan failed to preserve this argument with a proper objection. While Budhan objected to the prosecutor’s argument, the legal basis for the objection was not the same basis pursued on appeal. As a result, we can only review the State’s comments for fundamental error. Servis v. State, 855 So.2d 1190, 1193 (Fla. 5th DCA 2003). The issue is complicated by the fact that Budhan first interjected the tensions between Guyanans and Trinidadians into the trial, and I can fully understand the majority’s reluctance to reverse.
Nonetheless, I would find that the State’s comments, in them totality, constitute fundamental error. Cf. Crew v. State, 146 So.3d 101, 111 (Fla. 5th DCA 2014). Prosecutorial comments attempting to appeal to a juror’s bias or to attribute criminal conduct to a defendant on the basis of race, ethnicity, or national origin, have no place, in our criminal justice system. See Terrazas v. State, 696 So.2d 1309, 1310 (Fla. 2d DCA 1997). I respectfully dissent.

. The victim was from Trinidád, and Budhan testified that citizens from the two countries have a long-standing cultural distrust of one ■ another.