IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MATTHEW MARANA,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5829

_____/

Opinion filed August 14, 2017.

An appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

William R. Ponall of Ponall Law, Maitland, for Appellant.

Pamela Jo Bondi, Attorney General, and Tayo Popoola, Assistant Attorney General, for Appellee.

PER CURIAM.

     Matthew Marana appeals his conviction and sentence arising from on online sting in which he travelled to meet "a minor" and "her sister" for sex. On appeal, he makes two arguments that his conviction should be overturned because law enforcement officers violated his due process rights and impermissibly entrapped

him. He also argues to be resentenced because the trial court simply modified his illegal sentence when a new sentencing hearing was required. We affirm Appellant's conviction without additional discussion, but reverse and remand for a resentencing hearing.

The Florida Supreme Court "has long held that where a sentence has been reversed or vacated, the resentencings in all criminal proceedings . . . are de novo in nature." *See State v. Fleming*, 61 So. 3d 399, 406 (Fla. 2011). "[T]he full panoply of due process considerations attach . . . [and] both parties may present new evidence bearing on the sentence." *Id.* (citing *State v. Scott*, 439 So. 2d 219, 220 (Fla. 1983)). In this case, Appellant filed a 3.800(b)(2) motion arguing correctly that his prior sentence—twelve years in prison followed by an eight-year probationary term for a second degree felony—was legally impermissible. His motion also requested a resentencing hearing. The trial court granted his motion to vacate the illegal sentence, but then corrected the sentence downward on its own without conducting a resentencing hearing. Appellant's new sentence gave him twelve years in prison followed by a three-year probationary term.

It generally doesn't present a problem for courts to correct *ministerial* problems with a sentence without a hearing. *See, e.g.*, *Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014); *Taylor v. State*, 185 So. 3d 1281, 1282 (1st DCA 2016). But in this instance, the trial court exercised discretion in deciding Appellant's new

2

sentence that went beyond a ministerial act. *Jordan*, 143 So. 3d at 339-40 (concluding that resentencing is not a ministerial act where the trial judge has judicial discretion and where the appellant will suffer practical consequences from the decision). Due process rights attached to Appellant's resentencing here because the court had vacated a prior, legally impermissible sentence and exercised discretion in deciding on a new sentence that had tangible consequences for Appellant. We thus reverse and remand for a new resentencing hearing.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

WETHERELL, OSTERHAUS, and M.K. THOMAS, JJ., CONCUR.