NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DANIEL LEON HEATLEY, a/k/a          )
DANIEL LEON HEATLY,                 )
                                    )
        Appellant,                  )
                                    )
v.                                  )          Case No. 2D16-4562
                                    )
STATE OF FLORIDA,                   )
                                    )
        Appellee.                   )
_____ )

Opinion filed September 25, 2019.

Appeal from the Circuit Court for
Hillsborough County; Thomas P. Barber,
Judge.

Ita M. Neymotin, Regional Counsel, Second
District, and Joseph Thye Sexton, Assistant
Regional Counsel, Office of Criminal
Conflict and Civil Regional Counsel, Fort
Myers, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Deborah A. Chance,
Assistant Attorney General, Daytona
Beach, for Appellee.


KHOUZAM, Chief Judge.

        Daniel Leon Heatley, a/k/a Daniel Leon Heatly, appeals his sentences

entered on remand from Heatly v. State, 192 So. 3d 584 (Fla. 2d DCA 2016).  Because

the circuit court erred in declining to consider Heatley's presentence investigation report (PSI) at a full de novo resentencing hearing, we reverse and remand. We affirm without comment as to Heatley's remaining claim.

Heatley was convicted of first-degree arson and burglary of an unoccupied dwelling. On the arson count, he was sentenced to life in prison as a habitual felony offender (HFO) with a thirty-year mandatory minimum term as a prison releasee reoffender (PRR). On the burglary count, he was sentenced to a concurrent thirty years in prison with a fifteen-year mandatory minimum term as a PRR. This court affirmed Heatley's convictions and sentences on direct appeal. Heatly v. State, 177 So. 3d 615 (Fla. 2d DCA 2015) (table decision).

Heatley filed a petition alleging ineffective assistance of appellate counsel. Heatly, 192 So. 3d at 584. This court granted his petition in part, reversed his sentences, and remanded for resentencing before a different judge. Id. at 585. On remand, a de novo resentencing hearing was held. The court again found that Heatley qualified as a PRR and a HFO. Heatley was sentenced to the same sentences that he originally received, and he filed the instant appeal.

During the pendency of this appeal, Heatley filed two motions to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In his first such motion, Heatley correctly pointed out that it was error to resentence him as a HFO without either reviewing his original PSI or ordering a new one. The court granted Heatley's motion and held a new resentencing hearing. However, at that hearing the court only considered the PSI and declined to conduct a full de novo resentencing, instead relying on the State's evidence from the previous hearing. Heatley then filed a

second rule 3.800(b)(2) motion, arguing that he was entitled to a full de novo resentencing hearing at which his PSI would be considered. The court erroneously denied this motion.

"The trial court's failure to consider a mandatory presentence investigation report before sentencing a defendant is a sentencing error that can be preserved via the filing of a rule 3.800(b) motion." Albarracin v. State, 112 So. 3d 574, 574 n.1 (Fla. 4th DCA 2013); see also White v. State, 271 So. 3d 1023, 1027 (Fla. 4th DCA 2019) (same). Here, Heatley was entitled to have the court consider his PSI at resentencing pursuant to section 775.084(3)(a)(1), Florida Statutes (2018), which provides:

> (3)(a) In a separate proceeding, the court shall determine if the defendant is a habitual felony offender or a habitual violent felony offender. The procedure shall be as follows:
>
> 1. The court shall obtain and consider a presentence investigation prior to the imposition of a sentence as a habitual felony offender or a habitual violent felony offender.

(Emphasis added.)

Where the court has discretion to impose a new sentence and is not merely performing a ministerial act, a defendant is entitled to a full de novo resentencing hearing. Marana v. State, 226 So. 3d 329, 329 (Fla. 1st DCA 2017). Resentencing must proceed as an entirely new proceeding where all issues bearing on the proper sentence must be considered de novo and the defendant is entitled to the full array of due process rights. State v. Collins, 985 So. 2d 985, 989 (Fla. 2008). Resentencing is not just a reweighing of existing evidence; rather, both sides may present additional evidence. Id. Indeed, "[i]n Florida, the State is required to produce evidence during the new sentencing proceeding to establish facts even if those facts were established

during the original sentencing proceeding." <u>Lebron v. State</u>, 982 So. 2d 649, 659 (Fla. 2008).

Because the court has discretion in imposing a HFO sentence, <u>see</u> <u>Peek v. State</u>, 143 So. 3d 1101, 1102 (Fla. 5th DCA 2014), a resentencing hearing is needed to address whether a defendant qualifies for HFO sentencing. Accordingly, we reverse and remand for the circuit court to conduct a full de novo resentencing hearing at which Heatley's PSI shall be considered.

Reversed and remanded with instructions.

KELLY and BLACK, JJ., Concur.