DAKAN, STEPHEN L., Associate Senior Judge.
 

 Steven Charles Hannum seeks review of his judgment and sentence for carrying a concealed firearm. We affirm Hannum’s conviction without further discussion. Because the trial court improperly considered certain factors when imposing sentence, we reverse Hannum’s sentence and remand for resentencing before a different judge.
 

 Hannum was charged with carrying a concealed firearm in violation of section 790.01, Florida Statutes (2006). The State’s evidence established that Hannum called 911 during an altercation with a man
 
 *134
 
 at an apartment complex. Hannum informed the operator that he had a gun. When the responding officer arrived on the scene, he saw two men standing eight to twelve feet apart. The officer approached with his gun drawn and asked the two men to show their hands. Han-num raised one hand, and the other he kept on the telephone pressed to his ear. The other man raised his hands, and he informed the officer that Hannum had a gun. Hannum then told the officer that the gun, which the officer testified was concealed by Hannum’s shirt, was in his waistband. Hannum informed the officer that he had a concealed weapons permit but admitted it had expired.
 

 Hannum testified that the other man was threatening people in a common area of the apartment complex, throwing beer bottles and yelling repeatedly, “I’m gonna kill you.” Hannum went into his apartment, dialed 911 from his cell phone and retrieved his loaded 45-Derringer. Han-num confronted the other man in the hall and pulled back the hammer on the gun. At that point, Hannum saw that his connection to 911 failed, so he retreated to the parking lot. The call eventually connected, but he had to redial several times because he kept losing the signal. When he heard the police arriving, Hannum put the gun in a holster attached to his waistband. Hannum explained that he did not want the police to find him holding a gun. He did not put the gun on the ground because he was afraid the other man would retrieve it. Hannum denied that his shirt covered the gun. A jury convicted Han-num as charged, and he proceeded to sentencing.
 

 Hannum’s sentencing scoresheet provided for a sentencing range of a nonstate prison sanction to five years. When given the opportunity to speak at sentencing, Hannum maintained his innocence and continued to place blame on the other man involved in the altercation. He repeatedly asserted that he handled the altercation appropriately. The court responded to these assertions as follows:
 

 Having now sat through all the testimony, especially Mr. Hannum, your testimony, it is very much alarming to me the seriousness, and I guess Mr. Han-num’s responses being less than candid and the way in which he testified are very troubling to me.
 

 And especially in light of the disregard for the laws concerning gun use here and some of his flippant responses are very alarming to me.
 

 [[Image here]]
 

 You know, here’s the thing, Mr. Han-num. It’s really troubling that you take no responsibility for your own personal actions in this. I didn’t hear you take personal responsibility on the stand. I don’t hear you taking any personal responsibility of your own actions that night, and that’s the troubling part to me.
 

 [[Image here]]
 

 You know what’s interesting, though, Mr. Hannum to me is that your testimony is that you were still trying to call 911 even when the police were right there in front of you.
 

 [[Image here]]
 

 Okay. [Defense counsel], do either one of you have anything else you’d like to say? I mean, I’d like to give Mr. Han-num the full opportunity to say whatever he would like to be said, although the longer he talks, perhaps the worst [sic] it’s getting.
 

 So would either one of you — is there anything else you would like to say in mitigation about any of the other facts that didn’t come into the trial or anything else?
 

 
 *135
 
 I think it’s best if you all speak for your client.
 

 Although the State recommended probation and Hannum had no prior record, the court imposed a sentence of twenty-four months in prison. The court did not offer any basis to explain its rejection of the State’s recommendation other than that quoted above. Hannum sought review of his judgment and sentence in this court.
 

 During the course of this appeal, Han-num filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he argued that the trial court abused its discretion in imposing sentence based upon his refusal to take personal responsibility. The court ruled that it had not sentenced Hannum on that basis but had relied on
 

 the inconsistencies of the testimony that I heard that day, the verbal and nonverbal demonstrations, and demonstrations of Mr. Hannum’s gun expertise as he described both physically — a physical description and verbal description of his abilities with cross-draws was part of it, in addition to information about the victim that came from the police officer’s testimony.
 

 On appeal, Hannum argues that the court improperly considered his failure to take responsibility and the above factors in imposing sentence.
 

 Initially, we must point out that rule 3.800(b)(2) is not the proper mechanism for preserving for appeal the issue of whether the court improperly considered certain factors in imposing sentence.
 
 [1]
 

 See Jackson v. State,
 
 983 So.2d 562 (Fla.2008);
 
 Brown v. State,
 
 994 So.2d 480, 481 (Fla. 1st DCA 2008). Rule 3.800(b)(2) was not intended to correct
 
 any
 
 errors that occur during the sentencing process.
 
 Jackson,
 
 983 So.2d at 572. Instead, rule 3.800(b)(2) “may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed.”
 
 Id.
 
 at 574. Any error in the court’s consideration of certain factors in imposing sentence is an error in the sentencing process, not an error in the sentencing order.
 
 See Brown,
 
 994 So.2d at 481. Therefore, the court erred in ruling on the merits of Hannum’s rule 3.800(b)(2) motion, and its order is a nullity.
 

 This determination does not end our inquiry into the propriety of the court’s consideration of certain factors in imposing sentence, however. Such an error in the reasoning of the judge is cognizable on direct appeal if it is fundamental.
 
 Id.
 
 (citing
 
 Jackson,
 
 983 So.2d at 574). “ ‘[F]or an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process.’ ”
 
 Hopkins v. State,
 
 632 So.2d 1372, 1374 (Fla.1994) (alteration in original) (quoting
 
 State v. Johnson,
 
 616 So.2d 1, 3 (Fla.1993)). We must therefore consider whether the trial court’s comments at sentencing were so erroneous as to be equivalent to a denial of due process.
 

 It is impermissible for a trial court to consider a defendant’s assertions of his innocence and refusal to admit guilt in imposing sentence.
 
 See Bracero v. State,
 
 10 So.3d 664, 665-666 (Fla. 2d DCA 2009);
 
 Ritter v. State,
 
 885 So.2d 413, 414 (Fla. 1st
 
 *136
 
 DCA 2004). In this case, Hannum maintained his innocence throughout sentencing and the trial court twice remarked that it was troubled by Hannum’s failure to take responsibility for his actions. The more Hannum asserted his innocence, the more frustrated the court became, eventually remarking that “the longer [Hannum] talks, perhaps the worst [sic] it’s getting.” The court even told defense counsel it would be best if Hannum did not make any more statements.
 

 Moreover, the court also improperly considered the truthfulness of Hannum’s testimony at trial.
 
 See City of Daytona Beach v. Del Percio,
 
 476 So.2d 197, 205 (Fla.1985);
 
 Eltaher v. State,
 
 777 So.2d 1203, 1205 (Fla. 4th DCA 2001). A court may not rely on a defendant’s lack of truthfulness in imposing sentence because it “would create a catch-22 — the defendant may not be punished for his exercise of the right to trial but may be punished for his lack of candor during the trial.”
 
 Del Per-cio,
 
 476 So.2d at 205.
 

 The trial court’s improper consideration of the fact that Hannum maintained his innocence in his testimony at trial and at sentencing and refused to take responsibility for his actions was equivalent to a denial of due process.
 
 See Bracero,
 
 10 So.3d at 665-666. Although the court offered additional reasons to justify its sentence in ruling on Hannum’s rule 3.800(b)(2) motion, the court’s order on the motion is a nullity. Regardless, the court’s original statements at sentencing were not ambiguous in any manner and expressly addressed these improper factors. Accordingly, the trial court committed fundamental error in imposing sentence. We therefore reverse Hannum’s sentence and remand for resentencing before a different judge.
 
 See id.
 

 Affirmed in part, reversed in part, and remanded.
 

 FULMER and WHATLEY, JJ., Concur.
 

 [1]
 

 . We recognize that this court has previously suggested that rule 3.800(b)(2) was the proper mechanism for preserving such a challenge to a sentence.
 
 See, e.g., Harley v. State,
 
 924 So.2d 831, 832 (Fla. 2d DCA 2005). However, the supreme court has since clarified the scope of rule 3.800(b)(2), in
 
 Jackson v. State,
 
 983 So.2d 562 (Fla.2008), thus requiring reconsideration of our previous holdings on the matter of what constitutes a sentencing error correctable under this rule.