27 So.3d 181 (2010)
Glenford BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-152.
District Court of Appeal of Florida, Second District.
February 5, 2010.
*182 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Glenford Brown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
This is an Anders[1] appeal of Glenford Brown's convictions and sentences for possession of cocaine with intent to sell within 1000 feet of a church, possession of drug paraphernalia, and resisting arrest without violence. Brown filed a pro se brief raising four issues, to which the State responded. We affirm all but Brown's first point on appeal.
Brown argues that the trial court's sentence was vindictive because the court commented on his lack of remorse and protestations of innocence. The State argues that Brown failed to preserve this issue by objecting at sentencing or filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). The State further argues that even if Brown had preserved this issue, the court's comments were in response to Brown's motion for a downward departure sentence based on, inter alia, remorse.
At sentencing, the trial court stated that it was not going to follow the State's recommendation because Brown had shown absolutely no remorse. When Brown responded that he was asking for mercy, the court stated, "Well you should have at least showed some remorse, which I thought you were going to do. And I believe you know [sic] what you were doing."
In Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009), this court began by *183 noting that rule 3.800(b) "is not the proper mechanism for preserving for appeal the issue of whether the court improperly considered certain factors in imposing sentence" because it is the mechanism for preserving issues regarding the sentencing order. This court went on to reverse Hannum's sentence as a denial of due process and fundamentally erroneous because in imposing it, the trial court improperly considered Hannum's protestations of innocence and improperly considered the truthfulness of his testimony at trial. Id. ("It is impermissible for a trial court to consider a defendant's assertions of his innocence and refusal to admit guilt in imposing sentence.").
Similarly, here the trial court specifically said that it was not following the State's recommendation but was imposing a longer sentence because Brown did not show any remorse; it did not say it was denying Brown's motion for a downward departure based on remorse because Brown did not show remorse. "Although remorse and an admission of guilt may be grounds for mitigation of sentence, the opposite is not true. Reliance on these impermissible factors violates the defendant's due process rights." Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004) (citations omitted).
Accordingly, we reverse Brown's sentences and remand for resentencing before a different trial judge. See Hannum, 13 So.3d at 136.
Reversed and remanded with directions.
LaROSE, J., Concurs.
KELLY, J., Concurs with opinion.
KELLY, J., Concurring.
I concur in reversing only because I believe we cannot distinguish prior cases from this court and those cases mandate reversal.
The majority opinion cites Ritter and Hannum for the proposition that a trial court cannot consider a defendant's lack of remorse or unwillingness to admit guilt as an aggravating factor when imposing sentence. Hannum, in turn, cites this court's decision in Bracero v. State, 10 So.3d 664, 665 (Fla. 2d DCA 2009) (quoting Ritter and holding that "it is constitutionally impermissible for [a sentencing court] to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt"). 13 So.3d at 135-36. This trio of cases, two of which we are bound to follow, stand generally for the proposition that because a defendant has the right to testify at his trial and has the right not to incriminate himself, a sentencing judge violates the defendant's right to due process if he considers the defendant's lack of remorse, his failure to take responsibility, or his lack of truthfulness when determining the length of the defendant's sentence. These cases misconstrue the applicable law.
In Bracero, Hannum, and this case, the defendants testified at trial and during their sentencing hearings. As did the defendant in this case, the defendants in Bracero and Hannum testified in a manner that convinced the trial judge they had been untruthful. In each case the defendants also tried to shift or deflect blame to others. The sentencing judge in each case imposed a sentence that was harsher than the sentence sought by the prosecutor, presumably because of the defendants' attitude, untruthfulness, lack of remorse, or failure to accept responsibility. In each case this court reversed after concluding that the sentencing judge had violated the defendants' right to due process when he or she took these factors into account when deciding the length of *184 the defendants' sentences. In so holding, these cases depart from the principle that a sentencing judge may constitutionally consider an almost unlimited range of information in determining an appropriate sentence. See United States v. Grayson, 438 U.S. 41, 50, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).
Undeniably, when determining an appropriate sentence there are things the sentencing court may not constitutionally consider. The due process clause of the Fifth Amendment prohibits a judge from relying on materially false or unreliable information, see, e.g., United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Valentine, 21 F.3d 395 (11th Cir.1994), or from vindictively inflicting a harsher punishment on the defendant for exercising his constitutional right to trial, see, e.g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2089, 23 L.Ed.2d 656 (1969), overruled on other grounds, Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), or for invoking his privilege against self-incrimination. See, e.g., Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999); United States v. Johnson, 903 F.2d 1084 (7th Cir.1990).[2] When a defendant has invoked his privilege against self-incrimination, and therefore does not testify, the sentencing judge is prohibited from drawing a negative inference, such as lack of remorse, from the defendant's silence. Mitchell, 526 U.S. at 328-30, 119 S.Ct. 1307 (holding that a sentencing court may not draw an adverse inference from a defendant's silence at trial or at sentencing). That does not, however, equate to a blanket prohibition against considering a defendant's lack of remorse. As the court explained in Johnson, 903 F.2d at 1090:
The due process clause of the fifth amendment prohibits a court from punishing a defendant for exercising a constitutional right. There is a distinction, however, between punishing a defendant for exercising his right to remain silent and considering the defendant's character in determining an appropriate sentence.
....
It is well established that a sentencing judge may consider lack of remorse when imposing a sentence. We recognize that it may sometimes be difficult to distinguish between punishing a defendant for remaining silent and considering a defendant's failure to show remorse.
(citations omitted); see also Burr v. Pollard, 546 F.3d 828, 832 (7th Cir.2008) (explaining that remorse "is properly considered at sentencing because it speaks to traditional penological interests such as rehabilitation (an indifferent criminal isn't ready to reform) and deterrence (a remorseful criminal is less likely to return to his old ways)").
Similarly, a defendant's right to testify, a necessary corollary of his right to refuse to testify,[3] is not infringed when a sentencing judge penalizes a defendant for untruthful testimony. Once a defendant chooses to testify, he places his credibility at issue, and the sentencing court may *185 take his statements and demeanor into consideration. See Grayson, 438 U.S. at 50, 98 S.Ct. 2610 ("A defendant's truthfulness or mendacity while testifying on his own behalf, almost without exception, has been deemed probative of his attitudes toward society and prospects for rehabilitation and hence relevant to sentencing."). In Grayson, the Supreme Court addressed the defendant's argument that judicial consideration of his conduct at trial impermissibly "chills" a defendant's right to testify on his own behalf:
The right guaranteed by law to a defendant is narrowly the right to testify truthfully in accordance with the oathunless we are to say that the oath is mere ritual without meaning. This view of the right involved is confirmed by the unquestioned constitutionality of perjury statutes, which punish those who willfully give false testimony.... Assuming, arguendo, that the sentencing judge's consideration of defendants' untruthfulness in testifying has any chilling effect on a defendant's decision to testify falsely, that effect is entirely permissible. There is no protected right to commit perjury.
....
Nothing we say today requires a sentencing judge to enhance, in some wooden or reflex fashion, the sentences of all defendants whose testimony is deemed false. Rather, we are reaffirming the authority of a sentencing judge to evaluate carefully a defendant's testimony on the stand, determine  with a consciousness of the frailty of human judgment  whether that testimony contained willful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society.
438 U.S. at 54-55, 98 S.Ct. 2610. See also Brown v. United States, 356 U.S. 148, 156, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958) (When the defendant decides to testify, "regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination."); cf. Jenkins v. Anderson, 447 U.S. 231, 238, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980) (holding that, once a defendant decides to "cast aside his cloak of silence" and testify, the Fifth Amendment is not violated when his earlier silence is used to impeach his credibility).
In concluding that sentencing judges are prohibited from taking a defendant's untruthfulness or lack of remorse into account in sentencing, Hannum and Bracero rely at least in part on Holton v. State, 573 So.2d 284 (Fla.1991), and City of Daytona Beach v. Del Percio, 476 So.2d 197 (Fla. 1985). Thus, even if a majority of this court were inclined to recede from Hannum and Bracero, we would be unable to do so. Unless the supreme court revisits its cases, Florida's judges will continue to be denied the ability to consider conduct that, at least under the Constitution of the United States, they otherwise would be able to take into account when determining the length of a defendant's sentence.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] This list is not intended to be exhaustive, but rather to list areas where a defendant's right to due process is implicated.
[3] In Rock v. Arkansas, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987), the Court explained that a defendant's right to testify is not only a corollary of his Fifth Amendment guarantee against compelled testimony, it also emanates from the Fourteenth Amendment's guarantee of due process, i.e., his right to be heard and from the Compulsory Process Clause of the Sixth Amendment, i.e., the right to call "witnesses in his favor." Id. at 51-53, 107 S.Ct. 2704.