WHATLEY, Judge.
This is an Anders[1] appeal of Glenford Brown’s convictions and sentences for possession of cocaine with intent to sell within 1000 feet of a church, possession of drug paraphernalia, and resisting arrest without violence. Brown filed a pro se brief raising four issues, to which the State responded. We affirm all but Brown’s first point on appeal.
Brown argues that the trial court’s sentence was vindictive because the court commented on his lack of remorse and protestations of innocence. The State argues that Brown failed to preserve this issue by objecting at sentencing or filing a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b). The State further argues that even if Brown had preserved this issue, the court’s comments were in response to Brown’s motion for a downward departure sentence based on, inter alia, remorse.
At sentencing, the trial court stated that it was not going to follow the State’s recommendation because Brown had shown absolutely no remorse. When Brown responded that he was asking for mercy, the court stated, “Well you should have at least showed some remorse, which I thought you were going to do. And I believe you know [sic] what you were doing.”
In Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009), this court began by *183 noting that rule 3.800(b) “is not the proper mechanism for preserving for appeal the issue of whether the court improperly considered certain factors in imposing sentence” because it is the mechanism for preserving issues regarding the sentencing order. This court went on to reverse Han-num’s sentence as a denial of due process and fundamentally erroneous because in imposing it, the trial court improperly considered Hannum’s protestations of innocence and improperly considered the truthfulness of his testimony at trial. Id. (“It is impermissible for a trial court to consider a defendant’s assertions of his innocence and refusal to admit guilt in imposing sentence.”).
Similarly, here the trial court specifically said that it was not following the State’s recommendation but was imposing a longer sentence because Brown did not show any remorse; it did not say it was denying Brown’s motion for a downward departure based on remorse because Brown did not show remorse. “Although remorse and an admission of guilt may be grounds for mitigation of sentence, the opposite is not true. Reliance on these impermissible factors violates the defendant’s due process rights.” Ritter v. State, 885 So.2d 413, 414 (Fla. 1st DCA 2004) (citations omitted).
Accordingly, we reverse Brown’s sentences and remand for resentencing before a different trial judge. See Hannum, 13 So.3d at 136.
Reversed and remanded with directions.
LaROSE, J., Concurs.
KELLY, J., Concurs with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).