KELLY, Judge.
Ramiro Ibarra challenges his judgment and sentences for trafficking in cocaine and conspiracy to traffic in cocaine. Although he asserts two grounds on appeal that he contends require a new trial, we address only his argument that the trial court reversibly erred when it allowed the State to impeach him with a previously undisclosed statement without first conducting a Richardson[1] hearing to determine if a discovery violation had occurred and, if so, whether he was prejudiced. We agree that the trial court erred when it failed to make the required inquiry, and because the State has not met its burden to prove beyond a reasonable doubt that Ibarra was not procedurally prejudiced by the violation, we reverse.
 At trial, Ibarra, who claimed he was entrapped, testified in his own defense. After he testified, the State announced its intention to call a police detective as a rebuttal witness. The State indicated the detective would testify about an oral statement Ibarra made to the detective that was contrary to Ibarra’s trial testimony. The State had not previously disclosed the content of the statement as required by Florida Rule of Criminal Procedure 3.220(b)(1)(C). Defense counsel *72 objected and notified the court that the State had never disclosed the statement. Ibarra argues that at this juncture the trial court was obligated to conduct a Richardson hearing to determine whether a discovery violation had occurred and whether Ibarra had been prejudiced by the violation. See, e.p., Reese v. State, 694 So.2d 678 (Fla.1997) (noting the necessity of a Richardson hearing where the State sought to introduce an oral statement by the defendant to the police where the content of the statement had not been provided to defense counsel). The State argues the hearing was unnecessary because it never called the detective in rebuttal and instead only used Ibarra’s statement to impeach him during cross-examination. However, the rule requiring discovery of the defendant’s statements applies equally when the statement is used for impeachment purposes. See Portner v. State, 802 So.2d 442, 446 (Fla. 4th DCA 2001) (noting that “[t]here is no impeachment exception to the Richardson rule”). Accordingly, we agree with Ibarra that the trial court was obligated to conduct the heai--ing.
The standard for determining whether reversal is required for failing to conduct a Richardson hearing is hannless error. State v. Schopp, 653 So.2d 1016, 1020-21 (Fla.1995). The error is harmless only when the State can demonstrate, beyond a reasonable doubt, that the aggrieved party was not proeedurally prejudiced by the discovery violation. Id. at 1020. “As used in this context, the defense is proeedurally prejudiced if there is a reasonable possibility that the defendant’s trial preparation or strategy would have been materially different had the violation not occurred.” Id. Because we cannot say beyond a reasonable doubt that the defense was not proeedurally prejudiced by the State’s surprise use of Ibar-ra’s statement to the detective, we must reverse and remand for a new trial. See, e.g., Portner, 802 So.2d at 446 (“In most cases, the decision whether a defendant will testify is a strategic call which can materially alter the outcome of a case. A defendant’s ability to make an informed decision in this regard is certainly affected by the state’s nondisclosure of impeachment material discoverable under the rules.”).
Reversed and remanded for a new trial.
CASANUEVA, C.J., and MORRIS, J., Concur.

. See Richardson v. State, 246 So.2d 771 (Fla. 1971).