KHOUZAM, Judge.
 

 Arnold Smith appeals his sentence of three years in prison for driving while license revoked as a habitual traffic offender. Smith argues that the trial court committed fundamental error in considering his refusal to admit guilt, his protestations of innocence, and the truthfulness of his testimony as factors in sentencing. The State concedes that the trial court committed fundamental reversible error. We reverse and remand for resentencing before a different judge.
 

 The record shows that a jury trial was held before Circuit Judge Anthony Riten-our on December 15, 2009. A police officer testified that he had pulled Smith over on February 21, 2009, and that Smith had told him that his driver’s license was sus
 
 *699
 
 pended. The officer checked Smith’s driving record, confirming that Smith’s license was suspended and discovering that he was a habitual traffic offender. Smith’s fiancée, April Chandler, testified that she had requested that Smith drive that day because she had developed a glaucoma-related migraine headache as she was driving. She stated that she was worried that they would get into an accident if she continued driving. Smith testified that he was forced to drive to ensure that he and his fiancée, as well as other drivers on the road, were safe. The jury found him guilty of driving while license revoked as a habitual traffic offender.
 

 A thorough sentencing hearing was held. Smith stipulated that he had been convicted of a prior burglary. Before announcing Smith’s sentence, the court stated:
 

 All right. I’ve heard enough. I’m going to speak a little bit out loud. I’ve talked a little bit about this record. You do not have a very good record.
 

 The good thing is I do believe you’re trying to do something but I think you’re kind of on the edge. That means you’re trying to do something but if you can still get away with some little things I think you do.
 

 And I actually believe that you use Ms. Chandler ... as a person to hide behind or to help with some of the issues that you have.
 

 But what I didn’t hear is pretty much most things, you didn’t do the Burglary. Well, the Grand Theft really wasn’t you. The Driving While License [Revoked] is because of all the cops in Dade County. And I haven’t really heard you accept responsibility for anything.
 

 And I’m not real convinced, as well as you’re [sic] fiancée’s story as to what occurred because I do believe that when you look at what is in the report — and I guess the officer could have lied here about it — but I do look at the fact that if there was something so bad and that you had to drive, you don’t then get back in the car and drive and actually get lost, according to her calling people, how do I get to the police, how do I get there and then drive.
 

 There was no testimony that when she got there and bailed you out -that now she either had a remarkable healing on the highway or it still wasn’t a problem until she got here. Then she had a remarkable healing here and then still drove to Miami and wasn’t ... or to Arcadia and drove to Sebring, not real convinced of that story. It appears that the jury was not as well. I do believe that you use her as a way to hide some of your actions.
 

 Now, I do believe you’ve been trying to [sic]. I do believe some instances you have. But, you know, to be driving again in '08 and pick up Driving While License Suspended, pick up another one here with all these traffic summons and traffic fines still outstanding.
 

 The court then adjudicated Smith guilty of third-degree felony driving while license revoked as a habitual traffic offender and sentenced him to three years in prison.
 

 The trial court considered several impermissible factors when sentencing Smith. “It is impermissible for a trial court to consider a defendant’s assertions of his innocence and refusal to admit guilt in imposing sentence.”
 
 Hannum v. State,
 
 13 So.3d 132, 135 (Fla. 2d DCA 2009) (citing
 
 Bracero v. State,
 
 10 So.3d 664, 665-66 (Fla. 2d DCA 2009));
 
 see also Brown v. State,
 
 27 So.3d 181, 183 (Fla. 2d DCA 2010). Here, the trial court improperly considered these factors, noting that Smith refused to admit to prior crimes and had not “aceept[ed] responsibility for any
 
 *700
 
 thing.” It is also improper for the court to consider the truthfulness of a defendant’s testimony when imposing sentence.
 
 Hannum,
 
 13 So.3d at 136 (citing
 
 City of Daytona Beach v. Del Percio,
 
 476 So.2d 197, 205 (Fla.1985)). The trial court in this case commented that he was “not real- convinced” of the story that Smith and his fiancée presented in their testimony.
 

 Because the trial court expressly considered these improper factors in sentencing, Smith was denied due process and the trial court committed fundamental error. See
 
 Hannum,
 
 13 So.3d at 136. Accordingly, we reverse and remand for sentencing before a different judge. See
 
 id.
 
 (citing
 
 Bracero,
 
 10 So.3d at 665-66).
 

 Reversed and remanded with instructions.
 

 DAVIS and BLACK, JJ., Concur.