PER CURIAM.
Appellant was convicted by a jury for possession of a firearm by a felon. After reviewing the record, we conclude that the State correctly concedes the trial court erred below.
At the sentencing hearing, the trial court improperly considered its own opinion that Appellant “lied under oath in [his] defense.... ” Accordingly, we reverse the sentence and remand for resentencing before a different judge. See Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA 1994) (holding: “A trial judge’s opinion as to whether a defendant testified falsely should not enter into a decision to impose a harsher sentence unless the court is determining the sentence after a separate perjury conviction.”); Smith v. State, 62 So.3d 698, 699 (Fla. 2d DCA 2011) (“ ‘It is impermissible for a trial court to consider a defendant’s assertions of his innocence and refusal to admit guilt in imposing sentence.’”) (quoting Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009)).
REVERSED and REMANDED with instructions consistent with this opinion.
VAN NORTWICK, THOMAS, and ROWE, JJ., concur.