CRENSHAW, Judge.
David Diaz challenges his judgment and sentence for trafficking in cannabis twenty-five to two thousand pounds, possession of paraphernalia, possession of a firearm *516 by a convicted felon, and obstructing an officer without violence arising from Diaz’s role in a grow house operation. On appeal he argues, among other issues, that the trial court erred in allowing a booking report into evidence over his objection. We affirm the judgment without further comment. However, we reverse for resen-tencing in accordance with this opinion.
Diaz argues that the trial court erred in sentencing him to thirty years’ prison even though the Department of Corrections recommended a minimum mandatory sentence of three years’ prison, with a suggested maximum of ten.[1] Specifically, he charges that the trial court considered improper factors in its sentencing determination, notably its determination that Diaz lied on the stand in stating that he did not live at the grow house, a fact contradicted by other evidence. The trial court stated that Diaz was “obviously telling a patent falsehood to the Court that’s just beyond pale” and stated “especially after this morning, he gets up and tells me the same thing and obviously he was living there the whole time.... I think the aggravating factors outweigh any mitigating factor” (emphasis added).
We agree with Diaz that a trial court cannot base a sentence on the truthfulness of the defendant’s testimony. See Smith v. State, 62 So.3d 698, 700 (Fla. 2d DCA 2011) (citing Hannum v. State, 13 So.3d 132, 136 (Fla. 2d DCA 2009)). We note also that “[t]here is no protected right to commit perjury.” Brown v. State, 27 So.3d 181, 185 (Fla. 2d DCA 2010) (Kelly, J., concurring). And a sentencing court can base its determinations on a wide range of information. Bracero v. State, 10 So.3d 664, 665 (Fla. 2d DCA 2009). That leeway, however, does not allow “ ‘a trial court to consider a defendant’s assertions of his innocence.’ ” Brown, 27 So.3d at 183 (quoting Hannum, 13 So.3d at 135). Here, the trial court’s statements indicate that it improperly considered Diaz’s truthfulness. Therefore, we remand for resen-tencing before a different judge.
Judgment affirmed, sentence vacated and remanded with directions.
LaROSE, J., Concurs.
CASANUEVA, J., Concurs with opinion.

. We note that the State requested a sentence of thirty years' prison in part based on Diaz’s prior history as a drug trafficker.