ALTENBERND, Judge,
Dissenting.
There may not be any harm in giving Mr. Johnson relief in this proceeding. Nevertheless, I cannot agree that Mr. Johnson is entitled to a new sentencing hearing before a different judge as relief on a postconvietion motion that alleged his lawyer was ineffective for failing to object to the sentencing judge’s partial reliance on Mr. Johnson’s lack of remorse during the imposition of this sentence. As the cases cited by the majority demonstrate, Mr. Johnson was entitled to raise this issue on direct appeal as fundamental error,[3] but he did not do so. See Johnson v. State, 951 So.2d 842 (Fla. 2d DCA 2007) (table decision). He filed a petition claiming that his appellate lawyer was ineffective but did not raise this ground in that motion. Johnson v. State, 980 So.2d 1075 (Fla. 2d DCA 2008) (table decision). Had his trial lawyer actually objected to the judge’s statement at sentencing, I am inclined to believe that the experienced sentencing judge would simply have withdrawn his reliance on that ground and sentenced Mr. Johnson to life in prison based on the evidence at trial and the presentations at the full sentencing. I cannot agree that counsel was ineffective for failing to object to a comment that could be challenged on appeal without an objection.
Mr. Johnson was in his early twenties at the time of this offense. He lived in a semirural area of eastern Hillsborough County. The families in the area were friendly with one another. Within this community, there was a group of young men who socialized with one another. Mr. Johnson was part of that group.
Mr. Johnson apparently loaned $150 to the victim, Mark Franklin. In the weeks preceding this offense, he argued with Mr. Franklin. On the day of the offense, the argument apparently escalated. Mr. Johnson shot Mr. Franklin six times with a .22 caliber handgun. Some bullets entered Mr. Franklin’s arms and shoulder, but one bullet entered his back and lodged in his lungs. The shooting took place with other people in the vicinity, including an infant. Mr. Franklin then entered a car, apparently to escape. He sat in the driver’s seat, and another man was already sitting in the passenger seat. Mr. Franklin drove the car onto the interstate. Eventually, the blood in his lungs caused Mr. Franklin to die. The car he was driving crashed, and the passenger died as well.
Following the shooting, Mr. Johnson called the aunt of the victim and confessed. Cell phone records confirm the call oc *634 curred. Because Mr. Franklin had been in the automobile accident, law enforcement had not immediately appreciated that he had been shot. Thus, the murder investigation commenced as a result of the report the aunt made to law enforcement. That investigation included the gathering of spent .22 caliber casings at the scene of the shooting.
Mr. Johnson’s theory at trial was that the aunt was lying about the content of his telephone call and that somehow someone else had shot Mr. Franklin in the back after he left the neighborhood in the car. Mr. Johnson testified in this trial. He admitted that the men had had a disagreement over the money. He admitted that he had hit the victim with a shovel during an earlier argument over this money, but he denied the shooting. The jury convicted him of second-degree murder involving a firearm. The State had also charged Mr. Johnson for the death of the passenger. That charge had been severed, and it ultimately was dismissed.
Mr. Johnson’s family attended the sentencing hearing. His mother spoke on his behalf, as did the mother of one of his three children. The victim’s mother and his aunt also attended the hearing. The statement of the victim’s mother was read in open court. The sentencing judge listened to the impact this senseless crime had had upon not only the two men who died but also on the neighborhood as a whole. Six bullets were fired because of a $150 debt, leaving families without support, children without fathers, and parents and grandparents only to wonder.
It was in this context and before these people that the judge made the comments described in the majority’s opinion. Whether Mr. Johnson’s experienced attorney did not object as a tactic or by inadvertence in this moment of emotion is hard to say.
The majority cites no prior case that has granted relief in a similar context. I cannot agree that Mr. Johnson’s attorney was ineffective on the face of this record, nor am I convinced that Mr. Johnson has established prejudice in a postconviction proceeding in which no evidentiary hearing was held.
Finally, this is not a case in which the trial court relied on the defendant’s invocation of his Fifth Amendment rights. Both the judge and the jury had concluded that Mr. Johnson lied under oath during this trial. At the sentencing hearing where the neighborhood needed closure, Mr. Johnson gave them nothing. I agree with Judge Kelly that the law of Florida that makes it fundamental error for a trial judge to comment aloud about a defendant’s visible lack of remorse in this context ought to be revisited by the supreme court. See Brown v. State, 27 So.3d 181, 183-85 (Fla. 2d DCA 2010) (Kelly, J., concurring).

. See Smith v. State, 62 So.3d 698 (Fla. 2d DCA 2011); Hannum v. State, 13 So.3d 132 (Fla. 2d DCA 2009); Bracero v. State, 10 So.3d 664 (Fla. 2d DCA 2009).