GROSS, J.
We reverse appellant’s conviction for unarmed robbery due to the admission of hearsay in the form of a booking report.
Appellant was charged with armed robbery for forcibly taking jumbo size house fried rice from a deliveryman while holding him at gunpoint. At trial, through a Chinese interpreter, the deliveryman described the robber as a middle aged 5'9" black male, weighing “around 200 pounds.” This differed from his initial report to the police, where he said the robber was 5'9" to 6 feet tall and weighed between 160 and 200 pounds. The deliveryman stated that once the police created a photo lineup, he *591 immediately identified appellant as his assailant.
Appellant’s defense was misidentifieation. The number on the cell phone taken from appellant at the time of his arrest was not the same one used to place the delivery order with the restaurant. Yet, the gunman told the deliveryman “to give him the fried rice,” indicating that the gunman knew what was in the bag, a fact that weighs in appellant’s favor because the order was not placed from his cellphone. Appellant had facial hair and the perpetrator did not. In his opening statement, the defense lawyer focused on the disparity between the deliveryman’s initial description and actual measurements of about 5'6" and “well over 200 pounds.”
To combat the defense theory, the State questioned the arresting officer about the physical description of appellant contained in a “rough arrest” report derived from appellant’s booking information. The defense raised a hearsay objection. The trial court deferred ruling to allow the State to “lay a predicate” as to where “the booking information [came] from.” The arresting officer explained:
There is a series of questions on a piece of paper called the Rough Arrest form. When somebody is arrested, they are brought to the station. At that point, those questions are asked and the questions are filled in from the answers received by the defendant.
Immediately after this testimony, the trial court overruled the hearsay objection. Reading from the booking report, the officer said that appellant was listed at 5'9" and 180 pounds.
Appellant was convicted of the lesser included offense of unarmed robbery, a result consistent with the deliveryman’s hesitation about whether the robber wielded a weapon.
The booking report presented a potential question of hearsay within hearsay. At the first level is the out of court height and weight statement from the arrestee or someone else to the person compiling the report; at the second level is the recording of information into the booking report. Hearsay within hearsay is not excluded under the rule against hearsay, see § 90.802, Fla. Stat. (2012), “provided each part of the combined statements conforms with an exception to the hearsay rule as provided in s. 90.803 or s. 90.804.” § 90.805, Fla. Stat. (2012).
Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(1)(c), Fla. Stat. (2012). Booking reports are “statements within the meaning of the hearsay rule.” Tolbert v. State, 114 So.3d 291, 294 (Fla. 4th DCA 2013); see also Rock v. State, 584 So.2d 1110, 1112 (Fla. 1st DCA 1991), approved in part and remanded, 605 So.2d 456 (Fla. 1992) (finding a booking report to be hearsay); Diaz v. State, 106 So.3d 515, 517 (Fla. 2d DCA 2013) (Casanueva, J., concurring) (same). As an out of court statement, the booking report was hearsay; it was offered to prove that appellant was 5'9" and 180 pounds or that he said he was 5'9" and 180 pounds at the time of his arrest.
Even though it was hearsay, the booking report might have been admissible as a record of a regularly conducted business activity under section 90.803(6), Florida Statutes (2012). See Johnson v. Renico, 314 F.Supp.2d 700, 707 (E.D.Mich.2004) (finding booking records to be properly admitted under the business records exception); United States v. Abell, 586 F.Supp. 1414, 1425 (D.Me.1984) (same). However, the State failed to adequately demonstrate that the report was made at *592 or near the time that the height and weight information was received, that the record was kept in the ordinary course of a regularly conducted business activity, and that it was a regular practice of the booking agency to make such a record. See § 90.803(6)(a), Fla. Stat. (2012); Yisrael v. State, 993 So.2d 952, 956 (Fla.2008) (“[T]he evidentiary proponent ... ha[s] the burden of supplying a proper predicate to admit this evidence under an exception to the rule against hearsay.”).
Because the booking report was hearsay where a hearsay exception was not established at trial, it was error to allow the arresting officer to read to the jury the information it contained. Having found the booking report to be inadmissible hearsay, we do not decide whether appellant was adequately authenticated as the person who provided the height and weight information for the booking report, see Diaz, 106 So.3d at 518 (Casanueva, J., concurring), or whether the height and weight report was admissible either as an admission under section 90.803(18) or as non-hearsay.
We do not find the error in the admission of the booking report information to be harmless. “ ‘[U]nder the harmless error test, the State must prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.’ ” Vilseis v. State, 117 So.3d 867, 871 (Fla. 4th DCA 2013) (quoting Symonette v. State, 100 So.3d 180, 184 (Fla. 4th DCA 2012)). “The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict.” State v. DiGuilio, 491 So.2d 1129,1139 (Fla.1986).
In this case, the issue was one of identity. Just after the robbery, the deliveryman told officers that his assailant weighed between 160 and 200 pounds. The initial theory of defense, as demonstrated in the opening statement, was that appellant was a short, hefty person weighing well in excess of 200 pounds, an argument torpedoed by appellant’s reported admission that he weighed 180 pounds. While there was significant evidence against appellant — namely, that the victim identified him upon viewing a photo lineup — it cannot be said beyond a reasonable doubt that the erroneous admission of the booking report information did not affect the verdict.

Reversed and remanded for a new trial.

DAMOORGIAN, C.J., and KLINGENSMITH, J., concur.