NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRANDON L. GAGE,                          )
                                          )
          Appellant,                      )
                                          )
v.                                        )    Case No. 2D12-5769
                                          )
STATE OF FLORIDA,                         )
                                          )
          Appellee.                       )
_____ )

Opinion filed July 18, 2014.

Appeal from the Circuit Court for Polk
County; Steven Selph, Judge.

Anthony W. Surber, Mulberry, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.


          Brandon Gage appeals his conviction and forty-year prison sentence for

battery and sexual battery.  See §§ 784.03, 794.011, Fla. Stat. (2010).  The trial court

improperly allowed the State to impeach Mr. Gage and his mother with a previously

undisclosed recorded statement without conducting a <u>Richardson</u>[1] hearing to determine whether a discovery violation occurred and, if so, whether it procedurally prejudiced Mr. Gage. The State failed to meet its burden to prove beyond a reasonable doubt that the discovery violation did not procedurally prejudice Mr. Gage. We must reverse and remand for a new trial.

At trial, Mr. Gage testified in his own defense. His mother also testified. The next day, the State announced its intention to play for the jury a recording of a Polk County jail phone call between Mr. Gage and his mother that contradicted their earlier trial testimony. The State had not disclosed the recording to the defense as required by Florida Rule of Criminal Procedure 3.220(b)(1)(C). Defense counsel objected, noting that the nondisclosure was "a willful <u>Richardson</u> violation that [wa]s material." Counsel claimed that had he known about the recording, he would have changed his case in chief. He may have changed whom he called as witnesses and may have changed his recommendation that Mr. Gage take the stand. He declined to reveal more so as not to disclose privileged attorney-client communications.

Discovery rules are intended to prevent surprise and "trial by ambush." <u>Scipio v. State</u>, 928 So. 2d 1138, 1145 (Fla. 2006); <u>see also</u> <u>Binger v. King Pest Control</u>, 401 So. 2d 1310, 1314 (Fla. 1981). Failure to conduct a <u>Richardson</u> hearing is deemed harmless error only when the State can demonstrate beyond a reasonable doubt that the discovery violation did not procedurally prejudice the defense. <u>Ibarra v. State</u>, 56 So. 3d 70, 72 (Fla. 2d DCA 2011); <u>see also</u> <u>Scipio</u>, 928 So. 2d at 1150. " 'As used in this context, the defense is procedurally prejudiced if there is a reasonable

---

[1]<u>See</u> <u>Richardson v. State</u>, 246 So. 2d 771 (Fla. 1971).

possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred.' " Ibarra, 56 So. 3d at 72 (quoting State v. Schopp, 653 So. 2d 1016, 1020 (Fla. 1995)); see also Moorer v. State, 133 So. 3d 1242, 1242 (Fla. 4th DCA 2014); Lynch v. State, 925 So. 2d 444, 447 (Fla. 5th DCA 2006); cf. Lewis v. State, 22 So. 3d 753, 758 (Fla. 4th DCA 2009) (examining changes defendant claimed he would have made in trial preparation and finding beyond reasonable doubt no procedural prejudice because undisclosed information did not affect his chosen defense); Lasiak v. State, 966 So. 2d 983, 984 (Fla. 5th DCA 2007) (holding no procedural prejudice because record reflected absence of any materially different trial strategy).

We carefully reviewed the record. The State has not demonstrated beyond a reasonable doubt that the defense was not procedurally prejudiced by the State's surprise use of the recorded statements. We reverse and remand for a new trial.

Mr. Gage also challenges his sentence. Three of the factors the trial court considered in deciding to impose the statutory maximum sentence[2] were impermissible. The trial court erred in considering Mr. Gage's lack of remorse and his assertions of innocence and failure to accept responsibility. See Brown v. State, 27 So. 3d 181, 183 (Fla. 2d DCA 2010) (" 'Reliance on these impermissible factors violates the defendant's due process rights.' " (quoting Ritter v. State, 885 So. 2d 413, 414 (Fla. 1st DCA 2004))). The trial court also erred in considering Mr. Gage's alleged untruthfulness at trial. See Smith v. State, 62 So. 3d 698, 700 (Fla. 2d DCA 2011); Hannum v. State, 13

_____

[2]Mr. Gage's scoresheet shows that the lowest permissible sentence was 10.9 years (130.8 months).

So. 3d 132, 136 (Fla. 2d DCA 2009). Because the trial court relied on improper factors, Mr. Gage was denied due process. See Smith, 62 So. 3d at 700; Bracero v. State, 10 So. 3d 664, 666 (Fla. 2d DCA 2009). Reliance upon improper sentencing factors is fundamental error. See Smith, 62 So. 3d at 700; Hannum, 13 So. 3d at 136. However, because we reverse and remand for a new trial on the Richardson issue, any sentencing issue is moot.

Also moot is Mr. Gage's argument that his forty-year sentence violates the Eighth Amendment under Graham v. Florida, 560 U.S. 48 (2010). Graham held that life sentences without the possibility of parole are unconstitutional for juveniles who committed nonhomicide offenses. Id. at 82. Mr. Gage contends that a forty-year sentence is a de facto life sentence. He acknowledges that we have held that a term-of-years sentence does not violate Graham. See Young v. State, 110 So. 3d 931, 935-36 (Fla. 2d DCA 2013); Walle v. State, 99 So. 3d 967, 973 (Fla. 2d DCA 2012). However, because the First District has held that a term-of-years sentence that results in a de facto life sentence is illegal, Adams v. State, 37 Fla. L. Weekly D1865 (Fla. 1st DCA Aug. 8, 2012) (certifying question), Mr. Gage wished to preserve the issue for further review.

We reverse for the trial court's failure to conduct a proper Richardson hearing and remand for a new trial.

Reversed and remanded.

DAVIS, C.J., and KELLY, J., Concur.

- 4 -