NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.M.T., )
)
        Appellant, )
)
v. )     Case No. 2D13-4675
)
STATE OF FLORIDA, )
)
        Appellee. )
)

Opinion filed February 6, 2015.

Appeal from the Circuit Court for
Hillsborough County; Manuel A. Lopez,
Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

        R.M.T., a juvenile, challenges a disposition order and the withholding of an

adjudication of delinquency following a bench trial for possession of cannabis. Because

- 1 -

the court improperly considered R.M.T.'s truthfulness during sentencing, we reverse the disposition order and remand for resentencing.

During trial, the court prompted R.M.T. to tell the truth about what happened during the events giving rise to the charges in this case. The court withheld adjudication of delinquency and imposed probation, stating that it would have given R.M.T. only a judicial warning but instead imposed probation because the court felt R.M.T. had lied on the stand.

We have held that a trial court errs and denies the defendant due process by improperly considering truthfulness of testimony at trial. Hannum v. State, 13 So. 3d 132, 136 (Fla. 2d DCA 2009) ("A court may not rely on a defendant's lack of truthfulness in imposing sentence . . . ."); see also Diaz v. State, 106 So. 3d 515, 516 (Fla. 2d DCA 2013) ("[A] trial court cannot base a sentence on the truthfulness of the defendant's testimony."); Smith v. State, 62 So. 3d 698, 700 (Fla. 2d DCA 2011) ("It is also improper for the court to consider the truthfulness of a defendant's testimony when imposing sentence."). However, we note that "[t]here is no protected right to commit perjury." Brown v. State, 27 So. 3d 181, 185 (Fla. 2d DCA 2010) (Kelly, J., concurring) (quoting U.S. v. Grayson, 438 U.S. 41, 54 (1978)). And a sentencing court can base its determinations on a broad range of factors. Bracero v. State, 10 So. 3d 664, 665 (Fla. 2d DCA 2009).

In this case, however, it is clear that the court subjected R.M.T. to a greater punishment based on its conclusion that R.M.T. failed to tell the truth. The judge clearly stated R.M.T. would only have received a judicial warning if the court had felt R.M.T. was truthful in his testimony: "[T]he reason I'm giving [R.M.T.] probation is

because he didn't tell the truth . . . . There is one person that is definitely lying in this courtroom today. He's . . . sitting next to you, and I'm not talking about co-counsel either." In so stating, the court went beyond merely considering the fact that it felt R.M.T. was untruthful and its statements became retaliatory. Because the court erred in considering impermissible factors in sentencing, we reverse the disposition order and remand for resentencing before a different judge.


BLACK, J., Concurs.
KELLY, J., Concurs in result only.