NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JONATHAN WILLIAMS,                )
                                  )
          Appellant,              )
                                  )
v.                                )        Case No. 2D12-6172
                                  )
STATE OF FLORIDA,                 )
                                  )
          Appellee.               )
_____  )

Opinion filed May 22, 2015.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Tanya M. Dugree of the Law Office of
Tanya M. Dugree, P.A., Tampa, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

          Jonathan Williams appeals his judgments and sentences for sexual

battery with a deadly weapon, as charged, and robbery with a weapon, a lesser

included offense of robbery with a firearm.  The trial court sentenced Mr. Williams to life

in prison on the sexual battery charge, followed by thirty years in prison for the robbery. We have jurisdiction. See Fla. R. App. P. 9.140(b)(1)(A). The trial court imposed the consecutive sentences on the impermissible basis that Mr. Williams failed to show remorse and advanced an incredible defense. We affirm the judgments without further discussion but reverse for resentencing before a new judge.[1]

Mr. Williams' criminal punishment code scoresheet called for a minimum allowable prison sentence of 174.9 months (14.575 years) up to a maximum prison sentence of life. In rejecting Mr. Williams' request for the minimum allowable prison sentence, the trial court expressly noted the overwhelming evidence against Mr. Williams and his implausible defense. The trial court stated, "[T]hen you stand before this court and say in the face of the evidence which is overwhelming that you're not guilty, you have absolutely no remorse whatsoever. [ ] And that is more of an impact on this court's reasoning for the sentence that I'm about to impose than any other reason."

When a sentencing court expressly considers the improper factors of a defendant's assertions of innocence and refusal to admit guilt, the truthfulness of his testimony, or the failure to show remorse, fundamental error and a denial of due process occur. See Gage v. State, 147 So. 3d 1020, 1022 (Fla. 2d DCA 2014) (reiterating that trial court's reliance on impermissible sentencing factors in deciding to impose statutory maximum sentence for battery and sexual battery denied defendant due process and was fundamental error; impermissible factors include lack of remorse,

---

[1]Mr. Williams also contends that fundamental error requires a new trial. He argues that the trial court failed to give a special circumstantial evidence jury instruction and that the State suggested an impermissible burden-shifting argument. We find merit to neither issue and discuss them no further.

assertions of innocence, failure to accept responsibility, and alleged untruthfulness at trial); Johnson v. State, 120 So. 3d 629, 631-32 (Fla. 2d DCA 2013) (finding trial counsel ineffective for failing to object to trial court's improper consideration at sentencing of defendant's claims of innocence, his refusal to admit guilt, and the truthfulness of his testimony; remanding for new sentencing hearing before a different judge); Diaz v. State, 106 So. 3d 515, 516 (Fla. 2d DCA 2013) (holding that trial court was not permitted to consider truthfulness of defendant's guilt phase testimony as sentencing factor); Smith v. State, 62 So. 3d 698, 699-700 (Fla. 2d DCA 2011) (express consideration of such improper factors in sentencing denies due process and constitutes fundamental error requiring reversal and resentencing before a different judge); Brown v. State, 27 So. 3d 181, 182-83 (Fla. 2d DCA 2010) (reversing sentences for sentencing before a different judge when original judge expressly relied on lack of remorse, thus violating defendant's due process rights); Hannum v. State, 13 So. 3d 132, 135-36 (Fla. 2d DCA 2009) (finding fundamental error where trial court expressly considered defendant's assertions of innocence and truthfulness of his trial testimony); Bracero v. State, 10 So. 3d 664, 665-66 (Fla. 2d DCA 2009) (finding violation of due process when trial court used protestation of innocence against defendant; due process guarantees right to maintain innocence even when faced with overwhelming evidence of guilt).

The record reflects that the trial court relied on improper factors in sentencing Mr. Williams.  We reverse and remand for resentencing before a different judge.  See <u>Smith</u>, 62 So. 3d at 700.[2]

Judgments affirmed, sentences reversed, and case remanded with directions.

CASANUEVA and SALARIO, JJ., Concur.

---

[2]As this court stated in <u>Diaz</u>, 106 So. 2d at 516, while there is no protected right to commit perjury and a trial court can consider a wide range of information at sentencing, such improper factors as assertions of innocence and truthfulness cannot be considered.  See also <u>R.M.T. v. State</u>, 157 So. 3d 441, 442 (Fla. 2d DCA 2015).