PER CURIAM.
Albert Hampton petitions this court for habeas corpus relief, alleging ineffective assistance of appellate counsel. We grant the petition and, because a new appeal would be redundant, we vacate Hampton’s sentence and remand for resentencing by a different circuit court judge.
Hampton was convicted of conspiracy to traffic cocaine. He appealed his judgment and sentence, but this court' affirmed. Hampton v. State, 135 So.3d 440 (Fla. 5th DCA 2014). Thereafter, Hampton filed the instant habeas corpus petition alleging ineffective assistance of his, appellate counsel.
A petition for writ of habeas corpus is the proper vehicle for a claim of ineffective assistance of appellate counsel. A Rutherford v. Moore, 774 So.2d. 637, 643 (Fla.2000). The test for ineffective assistance of appellate counsel is whether the petitioner establishes that, appellate counsel’s performance was deficient and that such deficient performance so prejudiced the petitioner as to undermine confidence in the result of the appeal. Id.
Hampton argues that his appellate counsel rendered ineffective assistance during sentencing by reason of his failure to raise the trial court’s error in considering the defendant’s apparent perjury. We agree.
Just before pronouncing sentence, the trial court improperly chastised Hampton for an apparent act of perjury, stating:
And I will be perfectly candid. I was ■ inclined prior to this to sentence you to 15 years. However, based upon the fact that there’s an indication of your testimony now conflicting with the testimony under oath previously, that angers the Court and disturbs the Court a great deal, and I’m sentencing you to 20 years . in prison.
Because no contemporaneous objection was raised, appellate counsel cannot be faulted for not raising the error on direct appeal absent a showing that the error was fundamental. Cromartie v. State, 70 So.3d 559, 563-64 (Fla.2011) (quoting Jackson v. State, 983 So.2d 562, 575 (Fla.2008)).
The Florida Supreme Court has provided guidelines for determining fundamental errors committed during sentencing. Cromartie v. State, 70 So.3d 559, 564 (Fla.2011). The Court has held: “In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorreeted.” Id. (citations omitted) (quoting Maddox v. State, 760 So.2d 89, 99-100 (Fla.2000)). The Court further stated that “an error that improperly extends the defendant’s incarceration or supervision would likely impress us as fundamental.” Id. 564 (quoting Maddox, 760 So.2d at 100).
The Second District has considered similar statements made by a judge at sentencing to constitute fundamental error. Smith v. State, 62 So.3d 698, 700 (Fla. 2d DCA 2011) (citing Hannum v. State, 13 So.3d 132, 136 (Fla. 2d DCA 2009)). In Smith, during sentencing, the judge said: “And I’m not real convinced, as. well as *923 you’re [sic] fíancée’s story as to what occurred....” Id. at 699. The judge also commented on the defendant’s assertions that he was innocent. Id. The Second District concluded that the statements were impermissible at sentencing and deprived the defendant of his due process, constituting fundamental error. M ' at 700.
. The Fourth District addressed this issue in a ease in which the sentencing'judge improperly stated: “I did not fínd your testimony credible.” Ward v. State, 162 So.3d 679 (Fla. 4th DCA 2014). The court held that the improper comment constituted fundamental error and remanded for resentencing before a different judge, Id, at 679-80 (citing City of Daytona Beach v. Del Percio, 476 So.2d 197, 206 (Fla.1985)).
Here, the sentencing judge 'explicitly stated, in determining sentence, that Hampton’s apparent perjury resulted in a longer sentence, this statement was improper. Del Percio, 476 So.2d at 206 (“While the judge’s discussion suggests he may also have imposed the sentence because he believed Moore lied during the trial, the proper method of imposing punishment for perjury would be through a separate prosecution.”). As this consideration resulted in an improper extension of Hampton’s sentence, it was fundamental error and, thus, Hampton’s appellate counsel could and should have raised the issue on direct appeal.
Accordingly, we vacate Hampton’s, sentence and remand for resentencing before a different judge.
PETITION GRANTED; CAUSE REMANDED.
PALMER, ORFINGER and ■ EVANDER, JJ., concur.