NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JEREMY PEHLKE,                          )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D15-2150
                                        )
STATE OF FLORIDA,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed April 15, 2016.

Appeal from the Circuit Court for Collier
County; Frederick E. Hardt, Judge.

Howard L. Dimmig, II, Public Defender,
and Matthew J. Salvia, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

        A jury found Jeremy Pehlke guilty of fleeing to elude a law enforcement

officer with lights and sirens activated.  Mr. Pehlke solely challenges his associated

nine-month term of incarceration, arguing that the trial court committed fundamental

error by considering his lack of remorse when imposing sentence. The State forthrightly concedes that the trial court committed fundamental error. We thus reverse the sentence and remand for resentencing by a different judge. We affirm the conviction in all other respects.

Officers testified at Mr. Pehlke's trial that they observed him speeding in a school zone despite the presence of signs and flashing lights indicating the reduced speed limit. When they attempted to effectuate a traffic stop, Mr. Pehlke sped up and almost hit an officer before he was finally stopped. After Mr. Pehlke testified in his own defense, a jury returned a guilty verdict.

At the onset of the sentencing hearing, the trial court remarked that Mr. Pehlke "declined to say anything" when interviewed for the presentence investigation. The court then asked Mr. Pehlke if he wished to say anything before sentence was imposed. Mr. Pehlke replied, "No. I—what actually—in the presentence investigation I was not allowed to say anything. I don't really have anything to say. I feel like it's out of my hands. Nothing I can do." The trial court then asked Mr. Pehlke, "Do you wish to say anything about the offense in question?" Mr. Pehlke replied, "No, sir."

The State requested a six-month term of incarceration in the Collier County Jail to be followed by a two-year term of probation. The trial court rejected the State's recommendation. The trial court stated, "You still don't have any remorse for what you did. When I asked you if you had anything to say, you didn't say I am sorry. You didn't say anything about the offense. I asked you twice. . . . You still don't show any remorse." (Emphasis added.)

- 2 -

After careful review of the court's comments prior to imposing Mr. Pehlke's sentence, we conclude that the trial court committed fundamental error by considering Mr. Pehlke's failure to show remorse for his actions. See Smith v. State, 62 So. 3d 698, 699 (Fla. 2d DCA 2011); Brown v. State, 27 So. 3d 181, 183 (Fla. 2d DCA 2010); Bracero v. State, 10 So. 3d 664, 665-66 (Fla. 2d DCA 2009) (holding that it was fundamental error for a sentencing court to consider a criminal defendant's protestations of innocence "because due process guarantees an individual the right to maintain innocence even when faced with evidence of overwhelming guilt").

The State concedes that it was fundamental error for the sentencing court to consider Mr. Pehlke's failure to demonstrate remorse for his actions and that the sentence must thus be reversed. See Smith, 62 So. 3d at 700. Without question, the court fished for expressions of remorse from Mr. Pehlke prior to imposing sentence. Specifically, the court noted that it had asked Mr. Pehlke "twice" about whether he had anything to say about the offense and expressly commented that Mr. Pehlke remained remorseless. The trial court's solicitation of an expression of contrition and imposition of a harsher than recommended sentence when expressions of remorse were not forthcoming lead to our conclusion that the trial judge contravened Mr. Pehlke's due process right to maintain his innocence at all stages of the proceedings. See Bracero, 10 So. 3d at 665-66. This fundamental due process error remains true "even when faced with evidence of overwhelming guilt." Id. at 666.

Because the trial court's fundamental error deprived Mr. Pehlke of due process, we reverse the sentence and remand for resentencing. On remand, Mr.

Pehlke shall be sentenced by a different judge.  We affirm the conviction in all other respects.

Affirmed in part; reversed in part; remanded with instructions.

CRENSHAW and SALARIO, JJ., Concur.