PER CURIAM.
Appellant raises two issues on appeal. He contends that the evidence at trial was insufficient to sustain his conviction, and also that fundamental error was committed by the trial court when it considered the truthfulness of his testimony when imposing sentence. We affirm the first issue without further comment. With regard to the second issue, it is impermissible for a trial judge to consider a defendant’s veracity when rendering a sentencing decision. Robinson v. State, 637 So.2d 998, 999 (Fla. 1st DCA 1994); Carswell v. State, 75 So.3d 419 (Fla. 1st DCA 2011). Before announcing Appellant’s sentence, the court stated:
Part of justice is the' justice system. And what I find offensive, not personally, doesn’t really affect me personally, but from the system’s standpoint is [Na-kia’s] blatant lying from the stand and your lying to me today because you’re not telling me the truth, the whole truth and nothing but the truth. You’re handing me a pile of dung. I mean, you know, I don’t believe for a second whatever the story is that you just followed her down the road, or she followed you down the road, or she followed you, or whatever. I mean, it’s just beyond belief. It’s just not believable. It’s not believable that you didn’t have the fight ...
Be that as it may, [Appellant], you know, you’ve just got a history of getting in trouble and being in trouble and, you know, if what you say is true, that you’re a devoted family then what were you doing with the [the victim]. If what you’re saying is that you were a devoted family man then why put yourself in the position in the first place? If you’re such a devoted family man, why were you even fighting with [the victim], knowing that with your record, and if you say [the victim’s] been out to get you for all of this time, why would you put yourself in a position where she could get you again. I mean, you know, you just—your explanations defy belief. So I think that the maximum sentence possible is what is appropriate here.
(Emphasis added.) Because the trial court expressly considered these improper factors in sentencing, Appellant was denied due process, and fundamental error was committed. See also, Smith v. State, 62 So.3d 698, 699 (Fla. 2nd DCA 2011); Jackson v. State, 39 So.3d 427, 428 (Fla. 1st DCA 2010). Accordingly, we affirm Ap *929 pellant’s conviction, but remand for resen-tencing before a different judge.
AFFIRMED- in part, REVERSED in part, and REMANDED for resentencing.
MAKAR, JAY, and M.K. THOMAS, JJ., concur.